UNITED STATES, Appellee

v.

Craig L. SIMPSON, Senior Airman
U.S. Air Force, Appellant

No. 00-0126

Crim. App. No. 32749

United States Court of Appeals for the Armed Forces

Argued October 4, 2000

Decided December 8, 2000

CRAWFORD, C.J., delivered the opinion of the Court, in which SULLIVAN, GIERKE, EFFRON, and BAKER, JJ., joined.

Counsel

For Appellant:  Mr. Stephen A. Bamberger (argued); Colonel Jeanne M. Rueth and Major Thomas R. Uiselt (on brief); Lieutenant Colonel James R. Wise, Lieutenant Colonel Timothy W. Murphy, and Major Maria A. Fried.

For Appellee:  Captain Suzanne Sumner (argued); Colonel Anthony P. Dattilo and Lieutenant Colonel Ronald A. Rodgers (on brief); Captain Tony R. Roberts.

Military Judge:  James J. Blommers

THIS OPINION IS SUBJECT TO EDITORIAL CORRECTION BEFORE FINAL PUBLICATION

Chief Judge CRAWFORD delivered the opinion of the Court.

Contrary to his pleas, appellant was convicted by a military judge at a general court-martial of committing sodomy with a child, committing indecent acts with a child, and dereliction of duty, in violation of Articles 125, 134, and 92, Uniform Code of Military Justice, 10 USC §§ 925, 934, and 892, respectively. Appellant was sentenced to a dishonorable discharge, 4 years' confinement, and reduction to the lowest enlisted grade. The convening authority approved the sentence but suspended confinement in excess of 2 years for 4 years. The Court of Criminal Appeals affirmed the findings and sentence in an unpublished opinion.

This Court granted review of the following issue:

WHETHER THE TRIAL JUDGE ERRED BY NOT GRANTING DEFENSE COUNSEL'S MOTION TO SUPPRESS APPELLANT'S CONFESSION.

The Court also specified the following issue:

WHETHER THE MILITARY JUDGE AND THE AIR FORCE COURT OF CRIMINAL APPEALS ERRED TO THE SUBSTANTIAL PREJUDICE OF APPELLANT BY VIEWING SPECIAL AGENT CARROLL'S "POSITIVE CONFRONTATION" AS A CIRCUMSTANCE WHICH REMEDIED SPECIAL AGENT CARROLL'S OTHERWISE DEFECTIVE ARTICLE 31(b) ADVICE AS TO THE NATURE OF THE OFFENSES, RATHER THAN VIEWING THE "POSITIVE CONFRONTATION" AS CONDUCT DESIGNED OR LIKELY TO PRODUCE AN INCRIMINATING RESPONSE AFTER A DEFECTIVE ARTICLE 31(b) ADVICE AND APPELLANT'S RESULTING WAIVER OF HIS RIGHTS.

United States v. Simpson, 00-0126/AF

For the reasons that follow, we hold that the admission of appellant's statement was proper.  United States v. Rogers, 47 MJ 135 (1997).

FACTS

Appellant was the neighbor of AP, the 9-year-old daughter of another Air Force member.  On December 6, 1996, Special Agent Ovie Lee Carroll of the local Office of Special Investigations (OSI) detachment learned of AP's allegation that appellant sexually abused her.  Later that day, Agent Carroll observed an interview conducted between the victim and Child Protection/Family Services.  After it was determined that appellant should be interviewed the following day, Agent Carroll obtained two search warrants to search appellant and his residence.  On the search warrants, Agent Carroll described the offenses as "Violation of UCMJ Articles: 92 Failure to Obey Order or Regulation, 128 Assault, 134 Indecent Acts or Liberties with a Child, 125 Sodomy, and 120 Rape."

On December 7, 1999, Agent Carroll interviewed appellant.  Prior to the interview, Agent Carroll orally advised appellant of his rights under Article 31(b), UCMJ, 10 USC § 831(b), advised him of his right to counsel, and told him that the matter he was investigating was "indecent acts or liberties with a child."  Appellant waived his rights and indicated he "would be willing to answer

3

questions and make a statement about the offense – or the allegations."

During the interview, Agent Carroll informed appellant that AP said she was at his house between Halloween and Thanksgiving when appellant led her into his room by the wrists, forced her to masturbate him and perform oral sex on him, pointed a weapon at her, and showed her bullets in the weapon during the incident. In response to this "positive confrontation," appellant stated that AP voluntarily agreed to participate in the indecent acts and sodomy.

After the interview, Agent Carroll took a written statement from appellant that memorialized his confession. Appellant reviewed the statement for accuracy and was re-advised of his rights. Agent Carroll testified that the second rights' advisement was given because the agents wanted to make sure that appellant understood his rights and the nature of the offense. Appellant then signed the written statement. At no time during the interview did appellant indicate he did not understand his rights.[*]

At trial, appellant filed a motion to suppress his confession. Denying the motion, the military judge found Agent Carroll's warning

> that they were investigating indecent acts or liberties with a child ... sufficient ...

---

[*] In light of our holding, we need not decide whether Agent Carroll's "positive confrontation" cured any defective Article 31(b) rights warning.

4

> to orient him [appellant] to the matter under
> investigation and the general nature of what
> that matter was ....

The Court of Criminal Appeals affirmed the trial judge's decision denying appellant's motion to suppress.

Appellant claims his statements were obtained in violation of Article 31(b) because he was not informed of the nature of the accusations against him. Appellant further asserts he was deceived into waiving his rights because of the deficient Article 31(b) advice. Appellant argues that the agents' failure to advise him of the known offenses in addition to indecent acts with a child rendered the waiver invalid. Conversely, the Government argues that the agents' advice was proper under Article 31(b) since appellant was made aware of the nature of the allegations involved so as to orient him to the general nature of the matter under investigation.

DISCUSSION

Article 31(b) provides:

> No person subject to this chapter may interrogate,
> or request any statement from an accused or a
> person suspected of an offense without first
> informing him of the nature of the accusation and
> advising him that he does not have to make any
> statement regarding the offense of which he is
> accused or suspected and that any statement made
> by him may be used as evidence against him in a
> trial by court-martial.

United States v. Simpson, 00-0126/AF

Generally, Article 31(d) prohibits the use of a statement obtained from a person in violation of Article 31 as evidence against that person at a trial by court-martial. See also Mil.R.Evid. 304(c)(3) and 305(c), Manual for Courts-Martial, United States (1995 ed.).

The Government has the burden of establishing compliance with rights warning requirements by a preponderance of the evidence. Mil.R.Evid. 304(e). An appellate court reviews the denial of a motion to suppress a confession under an abuse of discretion standard, United States v. Young, 49 MJ 265, 266-67 (1998), and accepts the judge's findings of fact unless they are clearly erroneous. United States v. Ford, 51 MJ 445, 451 (1999).

In this case, no dispute exists as to the relevant facts. At issue is whether the military judge erred as a matter of law in denying appellant's motion to suppress. In other words, the Court must decide if the omission of the offenses of sodomy and assault in the rights' advisement was inconsistent with the applicable rights warning requirements. See United States v. Rogers, supra. The court applies a de novo standard of review in deciding this issue. Arizona v. Fulminante, 499 U.S. 279, 287 (1991); United States v. Ayala, 43 MJ 296, 298 (1995).

6

United States v. Simpson, 00-0126/AF

The requirement in Article 31(b) that an accused or suspect be informed of the nature of the accusation has been the subject of many appellate cases. In United States v. Rice, 11 USCMA 524, 526, 29 CMR 340, 342 (1960), this Court said:

> The purpose of informing a suspect or accused of the nature of the accusation is to orient him to the transaction or incident in which he is allegedly involved. It is not necessary to spell out the details of his connection with the matter under inquiry with technical nicety.

In United States v. Davis, 8 USCMA 196, 198, 24 CMR 6, 8 (1957), this Court stated:

> Advice as to the nature of the charge need not be spelled out with the particularity of a legally sufficient specification; it is enough if, from what is said and done, the accused knows the general nature of the charge.... A partial advice, considered in light of the surrounding circumstances and the manifest knowledge of the accused, can be sufficient to satisfy this requirement of Article 31, supra.

The precision and expertise of an attorney in informing an accused of the nature of the accusation under Article 31 is not required. See, e.g., United States v. Johnson, 20 USCMA 320, 324, 43 CMR 160, 164 (1971). It is not necessary that an accused or suspect be advised of each and every possible charge under investigation, nor that the advice include the most serious or any lesser-included charges being investigated. Nevertheless, the accused or suspect must be informed of the general nature of the allegation, to include the area of suspicion that focuses the person toward

the circumstances surrounding the event.  United States v. Huelsman, 27 MJ 511, 513 (ACMR 1988)(citing United States v. Schultz, 19 USCMA 311, 41 CMR 311 (1970); United States v. Reynolds, 16 USCMA 403, 37 CMR 23 (1966)).

Among the possible factors to be considered in determining whether the nature-of-the-accusation requirement has been satisfied are whether the conduct is part of a continuous sequence of events, United States v. Willeford, 5 MJ 634 (AFCMR 1978), whether the conduct was within the frame of reference supplied by the warnings, United States v. Quintana, 5 MJ 484 (CMA 1978), or whether the interrogator had previous knowledge of the unwarned offenses, United States v. Davis, supra.

In this case, Agent Carroll verbally warned appellant that he was being questioned about indecent acts or liberties with AP.  The offenses of indecent acts and sodomy are sufficiently related so that the warning oriented appellant toward the nature of the accusations against him. It would have been preferable for Agent Carroll to have warned appellant of all the offenses that were listed on the search warrants issued the day before the interview. However, under the circumstances, we hold that the purpose of providing appellant with Article 31(b) warnings was met, and those warnings sufficiently oriented appellant to the nature of the accusations against him.

United States v. Simpson, 00-0126/AF

    The decision of the United States Air Force Court of Criminal Appeals is affirmed.