# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
JOHNSON, KRAUSS, and BURTON
Appellate Military Judges

**UNITED STATES, Appellant**
**v.**
**Specialist TRAVIS J. GARDNER**
**United States Army, Appellee**

ARMY MISC 20110916

Headquarters, 3rd Infantry Division and Fort Stewart
Tiernan Dolan, Military Judge
Colonel Randall J. Bagwell, Staff Judge Advocate

For Appellant: Colonel Michael E. Mulligan, JA; Major Amber J. Williams, JA; Captain Chad M. Fisher, JA; Captain John D. Riesenberg, JA (on brief & reply brief).

For Appellee: Colonel Patricia A. Ham, JA; Lieutenant Colonel Peter Kageleiry, Jr., JA; Major Jacob D. Bashore, JA; Captain John L. Schriver, JA (on brief).

31 January 2012

-------------------------------------------------------------------------
MEMORANDUM OPINION AND ACTION ON APPEAL
BY THE UNITED STATES FILED PURSUANT TO
ARTICLE 62, UNIFORM CODE OF MILITARY JUSTICE
-------------------------------------------------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

KRAUSS, Judge:

Appellee is charged with one specification of desertion, three specifications of aggravated sexual assault, and one specification of assault consummated by a battery in violation of Articles 85, 120, and 128, Uniform Code of Military Justice, 10 U.S.C. §§ 885, 920, and 928 [hereinafter UCMJ]. The United States filed a timely appeal with this court pursuant to Article 62, UCMJ, contending that the military judge abused his discretion by suppressing a statement made by the accused to a special agent of the Army Criminal Investigation Command (CID) on 30 September 2009. After hearing evidence and argument on the matter, the military judge essentially found that the accused's statement was taken in violation of Article 31(b), UCMJ, in that the CID agent failed to properly inform the accused of the nature of the accusation and that the CID agent improperly induced the accused's

waiver of his rights by deceit. In either case, therefore, the military judge suppressed that statement. We find the military judge's findings incomplete and ambiguous on predicate issues relative to the nature, quality, and effect of the rights warning; the knowledge and experience of the accused; and the consideration of deception in the rights warnings under a totality of the circumstances analysis. Therefore, we must return the matter to the military judge for clarification and action in accordance with the decision below.

## BACKGROUND

Suspected of sexually assaulting his sister-in-law, the accused was twice questioned by CID on the matter. On 19 August 2009, CID Special Agent (SA) DB advised the accused that he was suspected of rape, properly rendered rights warnings in accordance with Article 31, UCMJ, and, after appellee waived his rights, proceeded with interrogation. A second CID special agent, SA JZ, also participated in the 19 August interrogation. Incident to that interrogation, the accused signed his first written statement. On 30 September 2009, the same SA JZ sought to interrogate the accused further on the matter of rape. He advised the accused of his rights under Article 31 but, rather than describe the nature of the accusation as rape, he instead advised the accused that he was suspected of false official statement and sodomy. The accused again waived his rights and signed a second written statement.

The defense moved to suppress the accused's statements under Military Rules of Evidence [hereinafter Mil. R. Evid.] 304 and 305. After hearing testimony from SA JZ and the accused, and receiving attachments to the defense motion including transcript of the Article 32 hearing[1], the military judge denied the motion to suppress the 19 August statement but suppressed the 30 September statement. The military judge found that SA JZ intentionally misled appellee about the nature of the accusation, failed to properly advise the appellee, and improperly induced appellee to waive his Article 31 rights. The military judge issued findings of fact and conclusions of fact and law accordingly.

The government, acting within its discretion under Article 62(a)(1)(B), UCMJ, appealed the military judge's decision complaining, in essence, that the military judge abused his discretion by finding (1) that the accused was not oriented to the nature of the accusation against him and (2) that the accused's waiver was per se invalid because SA JZ unlawfully induced the accused to waive his rights through deception.

---

[1] Appellee correctly notes that only the summary of SA B's testimony was admitted for purposes of the motion despite the fact that the entire hearing transcript was marked as an appellate exhibit.

### *Military Judge's Findings and Conclusions*

The military judge's essential findings of fact on the subject are as follows:

On or about 19 August 2009, SA [DB], Fort Stewart CID, brought the accused in for an interrogation. The accused read, understood, and then signed a DA Form 3881, indicating that he waived his Article 31(b) rights and was willing to undergo an interrogation about the offense of forcible rape. SA [JZ] was present during portions of this interrogation, and knew that the accused was suspected of rape.

On or about 30 September 2010, SA [JZ] brought the Accused in for additional questioning. Despite suspecting the accused of rape, SA [JZ] advised the Accused that he suspected him of False Official Statement and Sodomy. The accused read, understood, and then signed a DA Form 3881, indicating that he waived his Article 31(b) rights and was willing to undergo another interrogation.

The judge supplemented his findings of fact with the following:

On or about 30 September 2010, SA [JZ] brought the Accused in for additional questioning. Despite suspecting the accused of rape, SA [JZ] advised the Accused that he suspected him of False Official Statement and Sodomy. SA [JZ] began the interrogation of 30 September with the intent to question the accused about the offense of rape. SA [JZ's] claim that he merely wanted to clarify portions of the accused's 19 Aug 10 [sic] statement is not credible. SA [JZ] did not warn the accused that he was suspected of rape in order to mislead the accused into thinking he was no longer suspected of that offense.

The accused was not provided sufficient information by SA [JZ] to make an informed and intelligent decision about whether to invoke or waive his Article 31 (b) rights.

The judge also provided what he styled "conclusions of law and fact," of which the following are essential to the matter at hand:

The accused freely and voluntarily agreed to be interrogated on 19 Aug 11[sic]. He indicated his consent to be interrogated by waiving his Article 31(b)/*Miranda* rights. AE IX. The interrogation, while conducted in an atmosphere that might inherently compel an individual to succumb to questioning, was conducted in a lawful

> manner and only after the accused agreed to be interrogated. *See, generally Miranda v. Arizona* 394 [sic] US 436 (1966).

> . . . .

> SA [JZ], despite suspecting the accused of rape, and questioning the accused about that rape, told the accused that he suspected him only of making a false official statement and of sodomy. In so doing, he deceitfully indicated to the accused that any statement he might make would be about crimes of far less consequence than the crime of which he was actually suspected. Military law requires that, prior to questioning conducted by SA [JZ], the accused must be warned of the "general nature of the allegations, to include the area of suspicion that focuses the person toward the circumstances surrounding the event." *United States v. Simpson*, 54 M.J. 282, 284 (CAAF 2000). Warning the accused of "sodomy" could have arguably focused the accused on the events at issue. The questioning agent need not list the crimes of which the accused is suspected with the precision of an attorney. *United States v. Pipkin*, 58 M.J. 358 (C.A.A.F. 2003) In this case, the court finds that the warning tendered by SA [JZ] was misleading. The warning issued by SA [JZ] misled the accused into thinking that his criminal culpability, if any, had been significantly reduced since his last encounter with the CID. Consequently, the accused did not have the information available to him to make an adequately informed decision about whether or not to invoke his rights. The court finds that rights warning by SA [JZ] at AE XI was inadequate, and that the statements made by the accused following the rights warning are inadmissible.

The judge also supplemented his conclusions of law and fact. His supplementary conclusions essential to this discussion are:

> It is black letter law that trickery or deceit may not be used by law enforcement agents to induce a suspect to waive his rights under Miranda or Article 31(b). *United States v. Erie,* 29 MJ 1008, 1012 (1990), citing *United States v. McKay*, 26 C.M.R. 307 (C.M.A.1958); *Moran v. Burbine,* 475 U.S. 412, 421 (1986); *Oregon v. Elstad,* 470 U.S. 298, 307 (1985)

> The CID agent in this case used deceit to mislead the accused about the offense of which he was suspected. Despite understanding the rights as they were read to him, the accused was not provided sufficient information with which to make an intelligent decision

4

about whether to waive his rights. Consequently, the accused's waiver of his rights on 30 September was not made with a "full awareness" of the "consequences of his decision." *United States v. Erie,* 29 MJ at 1013, citing <u>Moran v. Burbine, 475 U.S. at 421, 106 S.Ct. at 1141."</u>

## LAW AND DISSCUSSION

### *Standard of Review*

As the Court of Appeals for the Armed Forces recently reiterated in *United States v. Baker*, the standard of review we apply in an appeal by the United States of a military judge's suppression ruling is necessarily deferential:

> "We review a military judge's ruling on a motion to suppress for abuse of discretion." *United States v. Rodriguez*, 60 M.J. 239, 246 (C.A.A.F. 2004) (citing *United States v. Monroe*, 52 M.J. 326, 330 (C.A.A.F. 2000)). "In reviewing a military judge's ruling on a motion to suppress, we review factfinding under the clearly-erroneous standard and conclusions of law under the de novo standard." *United States v. Ayala*, 43 M.J. 296, 298 (C.A.A.F. 1995). "Thus on a mixed question of law and fact . . . a military judge abuses his discretion if his findings of fact are clearly erroneous or his conclusions of law are incorrect." *Id.* The abuse of discretion standard calls "for more than a mere difference of opinion. The challenged action must be 'arbitrary, fanciful, clearly unreasonable, or clearly erroneous.'" *United States v. White*, 69 M.J. 236, 239 (C.A.A.F. 2010) (quoting *United States v. Lloyd*, 69 M.J. 95, 99 (C.A.A.F. 2010)).
>
> When reviewing matters under Article 62(b), UCMJ, [a service] court may act only with respect to matters of law. *United States v. Gore*, 60 M.J. 178, 185 (C.A.A.F. 2004). "When a court is limited to reviewing matters of law, the question is not whether a reviewing court might disagree with the trial court's findings, but whether those findings are 'fairly supported by the record.'" *Id.* (quoting *United States v. Burris*, 21 M.J. 140, 144 (C.M.A. 1985)). When reviewing a ruling on a motion to suppress, "we consider the evidence in the light most favorable to the prevailing party." *United States v. Cowgill*, 68 M.J. 388, 390 (C.A.A.F. 2010) (quoting *United States v. Reister*, 44 M.J. 409, 413 (C.A.A.F. 1996)).

*United States v. Baker*, 70 M.J. 283, 287–88 (C.A.A.F. 2011). However, "[i]f the findings are incomplete or ambiguous, the 'appropriate remedy . . . is a remand for

clarification' or additional findings." *United States v. Lincoln*, 42 M.J. 315, 320 (C.A.A.F. 1995) (quoting *United States v. Kosek*, 41 M.J. 60, 64 (C.M.A. 1994)).

### *Article 31, UCMJ, and the Requirement to Inform a Suspect of the Nature of the Accusation*

When CID special agents want to obtain a statement from a suspect they must first inform that suspect of the nature of the accusation the suspect is facing and about which they want to speak. Indeed, this is an integral aspect of the rights warning requirements in our system of military justice. UCMJ art. 31(b). This means the CID special agent must inform the suspect "of the general nature of the allegation, to include the area of suspicion that focuses the person toward the circumstances surrounding the event," *United States v. Simpson*, 54 M.J. 281, 284 (C.A.A.F. 2000) (citations omitted), so that the "warnings sufficiently [orient] [the suspect] to the nature of the accusations against him." *Id.* The question is not whether the suspect is informed of any particular charge but whether the charge or charges about which the suspect is informed sufficiently "focuses the person toward the circumstances surrounding the event" under investigation, *Id.*, "in light of the surrounding circumstances and the manifest knowledge of [that suspect]," *Id.* (quoting *United States v. Davis*, 8 U.S.C.M.A. 196, 198, 24 C.M.R. 6, 8 (C.M.A. 1957)). When a motion to suppress statements is made in this regard, then, military judges must decide whether, under the totality of the circumstances of that particular case, the government establishes by a preponderance of the evidence that CID special agents, for example, complied with that rights warnings requirement under Article 31(b). *See, e.g., United States v. Pipken*, 58 M.J. 358, 361 (C.A.A.F. 2003); *United States v. Nitschke*, 31 C.M.R. 75, 78 (C.M.A. 1961).

The judge's findings and rulings in this case, however, are incomplete, ambiguous, and unclear in this respect. He made no ruling on whether the government met its burden nor did he make complete findings on the nature of the charges warned or findings that evince a proper totality of circumstances analysis. Instead, the judge apparently concluded that since one of the two charges warned, sodomy, was misleading, the requirement to inform the appellee of the nature of the accusation was not met.

While it is true that the agent's sodomy warning is relevant to the ultimate question, it is not the only relevant fact necessary to resolve the matter. At the very least, the judge must also make findings relative to the false official statement warning and the accused's "manifest knowledge" of the matter and the situation. Namely, the judge must, at a minimum, include findings on whether the false official statement warning related to any actual statement by the accused and, if so, which statement. In addition, he needs to make findings on the extent to which the accused understood that the subject of the second interrogation involved the sexual assault situation he had previously discussed with CID, if at all.

6

Further confusing the Article 31(b) issue, the judge seemed to conclude that if the suspect is led to believe he is suspected of offenses lesser than that for which he is actually being interrogated, then the warnings are inadequate and the statement must be suppressed. That is not necessarily the case and apparently led the judge to make incomplete findings. The judge found: "[w]arning the accused of 'sodomy' could have arguably focused the accused on the events at issue"; and, "[t]he warning issued by SA [JZ] misled the accused into thinking that his criminal culpability, if any, had been significantly reduced since his last encounter with the CID." However, the question before the judge was not whether the accused understood the degree of criminal culpability he might ultimately face. The question before the judge was whether the information provided by SA JZ focused the accused on the events at issue under the circumstances. *Simpson*, 54 M.J. at 284.

Whether the sodomy warning was rendered as a result of intentional deception, inadvertence, or incompetence is unimportant under the circumstances. *See United States v. Farley*, 607 F.3d 1294, 1330 (11th Cir. 2010). The question is whether the sodomy and false official statement warnings, rendered in the context of the accused's manifest knowledge of the situation, focused the accused towards the circumstances surrounding the sexual assault under investigation at the time. *Simpson*, 54 M.J. at 284; *Davis*, 8 U.S.C.M.A. at 198, 24 C.M.R. at 8. Because the findings necessary to review that predicate issue are incomplete, as described above, it is impossible for this court to properly review the matter. *See Lincoln*, 42 M.J. at 320; *Kosek*, 41 M.J. at 64.

The judge also seems to conflate the issue of proper rights warnings with the related but separate issue of resolving whether any waiver of rights was knowing, intelligent, and voluntary. If the rights warnings were improper or inadequate, or if the government fails to establish their validity, any statement subsequently taken should be suppressed. UCMJ art. 31(d); Mil. R. Evid. 304(a), 304(c), and 305(c). While it is correct to recognize that one consequence of such improper warnings may be an invalid waiver, the question whether such waiver was valid requires a separate totality of circumstances analysis. *See Moran*, 475 U.S. at 421; *United States v. Erie*, 29 M.J. 1008, 1011 (A.C.M.R. 1990).

Here, the military judge overstates the effect of trickery or deceit in the process of obtaining a waiver. If trickery or deceit induces waiver by convincing the suspect that anything he says will not be used against him, for example, or, if trickery or deceit convinces the suspect that he must speak or otherwise suffer a consequence that is false, then the waiver may very well be invalid. *See Colorado v. Spring*, 479 U.S. 564, 575–76 (1987); *United States v. McKay*, 9 U.S.C.M.A. 527, 530–32, 26 C.M.R. 307, 310–12 (1958); *Erie*, 29 M.J. at 1012–13. In any event, the trickery and deception constitute a circumstance to be considered under a totality of circumstances test to resolve whether a waiver was valid in that particular case. *Erie*, 29 M.J. at 1012–13; *Farley*, 607 F.3d at 1326–31. The ultimate question in

this respect remains whether the suspect understood his right to remain silent – the right to make no statement and to stop speaking whenever he wanted. *See United States v. Rogers*, 47 M.J. 135, 137–38 (C.A.A.F. 1997) (citing *United States v. O'Brien*, 3 U.S.C.M.A. 105, 109, 11 C.M.R. 105, 109 (1953)); *United States v. Kelley*, 48 M.J. 677, 680–81 (Army Ct. Crim. App. 1998).

Facts necessary to resolve this inquiry include, for example, whether the accused understood that he could stop the interrogation when the subject turned to rape and whether the accused was led to believe that anything he said in response to questions about the rape could not be used against him in a criminal trial. While the judge found that the accused understood his rights, and the accused testified that he understood he could terminate the interview at any time, the judge nevertheless concludes that the accused did not waive his rights "with a 'full awareness' of the 'consequences of his decision.'" This conclusion apparently stems from the judge's conflation of the Article 31(b), UCMJ, question with the waiver question as discussed above. The apparent contradiction inherent in this finding amounts to the sort of ambiguity that requires clarification. We cannot glean from the judge's findings and conclusions whether he found the waiver invalid because the accused believed he was no longer suspected of rape or whether he found the waiver invalid because the accused believed anything he said about rape could not be used against him in a criminal trial, for example.[2] Absent such findings we are again left with the requirement to return the matter to the military judge for reconsideration in light of the preceding discussion. *Lincoln*, 42 M.J. at 320–22.

## CONCLUSION

Because the military judge made incomplete findings of fact necessary to resolve whether the rights warnings rendered on 30 September 2009 sufficiently oriented the accused to the factual events under investigation, and whether the misleading nature of the rights warnings negated his understanding of his rights under the circumstances, we are constrained in our ability to review the military judge's decisions on whether, under the circumstances, the accused was sufficiently apprised of his rights under Article 31(b), UCMJ, and, if so, whether his waiver of those rights was knowing, intelligent, and voluntary.

---

[2] This question, of course, ties in with the military judge's responsibility to find whether the accused was oriented toward the events in question rather than whether the accused was advised of the particular charge or degree of criminal culpability he might face. As discussed above, the extent to which the accused understood the particular charge he may ultimately face is neither dispositive of the warnings question nor of the waiver question. The extent to which the accused understood that anything he said could be used against him at a criminal trial is an essential issue on the question of waiver.

8

Accordingly, the appeal of the United States pursuant to Article 62, UCMJ, is granted. The ruling of the military judge is vacated and the record of trial will be returned to the military judge for action not inconsistent with this opinion. We make no ruling as to the admissibility of the statement in question. The judge may, *sua sponte* or on request of a party, permit additional evidence and argument on the question of the accused's orientation to the nature of the accusations against him, and on the validity of his waiver of rights under Article 31, or any other legal issues, and make findings of fact and conclusions of law thereon. The trial may then proceed or the United States may again pursue appeal under Article 62, UCMJ, if appropriate.

Senior Judge JOHNSON and Judge BURTON concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court