**** CORRECTED COPY ****

## UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

### UNITED STATES

**v.**

### Airman First Class DONALD R.B. SIMMONS
### United States Air Force

### ACM 38788

### 7 July 2016

Sentence adjudged 19 September 2014 by GCM convened at Kadena Air Base, Okinawa, Japan. Military Judge: Gregory O. Friedland.

Approved Sentence: Dishonorable discharge, confinement for 30 months, and reduction to E-1.

Appellate Counsel for Appellant: Major Michael A. Schrama.

Appellate Counsel for the United States: Lieutenant Colonel Roberto Ramírez, Major Meredith L. Steer, and Gerald R. Bruce, Esquire.

Before

ALLRED, TELLER, and BROWN
Appellate Military Judges

OPINION OF THE COURT

This opinion is issued as an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.

TELLER, Senior Judge:

Appellant was convicted by a panel of officer members, contrary to his pleas, of sexual assault of a child and providing alcohol to a minor in violation of Articles 120b and 134, UCMJ, 10 U.S.C. §§ 920b, 934. The court sentenced him to a dishonorable discharge, confinement for 30 months, and reduction to the grade of E-1. The sentence was approved, as adjudged, on 26 February 2015.[1]

---

[1] The reduction in grade and mandatory forfeitures were deferred then waived for six months for the benefit of Appellant's wife and dependent child.

Appellant argues that: (1) the military judge erroneously denied his motion to suppress statements made to investigators; (2) the military judge erred in granting the Government's challenge for cause against a member on the basis of implied bias; (3) the military judge's instructions imposed an unconstitutional burden shift upon him; (4) the providing alcohol to a minor offense fails to state all the necessary elements of the charged offense, thereby failing to put him on notice of the crime alleged; (5) the evidence was factually insufficient to sustain his conviction on that charge; (6) the 40-day violation of the 120-day post-trial processing standard for convening authority action warrants relief; and (7) the 4-day violation of the 30-day post-trial processing standard for forwarding the record of trial for appellate review warrants relief. Finding no error that materially prejudices a substantial right of Appellant, we affirm the findings and sentence.

*Background*

Appellant, then a 22-year-old Airman First Class, engaged in sexual intercourse with a 14-year-old child he met online. Both Appellant and the victim had created accounts on a social media application that identified nearby members who might like to meet. The victim's account indicated she was 19 years old. After exchanging messages via the application, Appellant arranged to pick up the victim and a friend and take them to his on-base house. Shortly after they met in person, the victim told Appellant she was only 17. Although they engaged in sexual contact that night, they did not have sexual intercourse until later that week. A few days after, the victim texted Appellant that she was only 15. This provoked a disagreement between the two, but after a few weeks they resumed contact. Appellant again agreed to pick up the victim and a friend and take them to his house. That evening, he also agreed to go by a shop on base and buy alcohol and cigarettes for the victim and her friend, who were both too young to purchase the items themselves. Later that night, Appellant engaged in sexual intercourse with the victim. The next morning, the victim's father noticed a mark on the victim's neck and confronted her. An investigation by the Air Force Office of Special Investigations (AFOSI) ensued, and Appellant provided a statement acknowledging that he believed the victim was 15 years old when they last had sexual intercourse. Additional facts relevant to Appellant's assignment of errors are detailed below.

*Admissibility of Statement to AFOSI*

Appellant argues that the military judge erroneously denied his trial motion to suppress the statement he made to AFOSI, contending that the agents failed to properly advise him of his rights under Article 31, UCMJ, 10 U.S.C. § 831.

> We review a military judge's ruling on a motion to suppress . . . for an abuse of discretion. The abuse of discretion standard is a strict one, calling for more than a mere difference of opinion. When there is a motion to suppress a statement on the ground that rights' warnings were not given, we review the

military judge's findings of fact on a clearly-erroneous standard, and we review conclusions of law de novo.

*United States v. Jones*, 73 M.J. 357, 360 (C.A.A.F. 2014) (quotation marks and citations omitted).

At trial, Appellant sought to have all of his statements to AFOSI suppressed. AFOSI agents first confronted Appellant in his home after obtaining authorization to arrest Appellant and to search his home and vehicle. AFOSI detained Appellant in his living room while they conducted the search. During that time, they asked him where they could find the clothes he had worn the night before. At no time, while they had Appellant detained in the home, did agents advise him of his rights. Agents seized, among other things, clothing, bedding, condom wrappers, and beer bottles from the home. AFOSI later escorted Appellant to their office, where an agent advised Appellant he was investigating "the alleged offense of rape, Article 120—of which [he was] suspected." Appellant agreed to speak with the agents, who asked about his interactions with the victim and whether Appellant provided alcohol for the minors. The military judge held that the question asked during the search of Appellant's home, as well as all questions asked about Charge II, were not preceded by an adequate warning and suppressed those statements. The military judge denied Appellant's motion with regard to the remainder of his statement to AFOSI.

For the remainder of Appellant's statements to AFOSI, the military judge applied the three-part test from *United States v Simpson*, 54 M.J. 281, 284 (C.A.A.F. 2000), to determine whether Appellant was adequately advised of the nature of the accusation against him. In his written ruling, the military judge articulated the standard from *Simpson*, ruling that notice to the suspect is sufficient if the accused is "informed of the general nature of the allegation, to include the area of suspicion that focuses the person toward the circumstances surrounding the event." *Id*. at 264. He also restated that portion of *Simpson* addressing the applicability of surrounding circumstances in determining whether an advisement is sufficient, specifically, that "if, from what is said and done, the accused knows the general nature of the charge," then the warning was sufficient. *Id.* (quoting *United States v. Davis*, 24 C.M.R. 6, 8 (C.M.A. 1957)).

In this case, Appellant was advised of his rights after being present for the search of his home and seizure of the bedding, condom wrappers, and beer bottles. These items in particular would be associated with Appellant's home as the site of the offense, and indicate that the conduct of interest was sufficiently close in time to the search to make such items relevant. The later advice that agents were investigating "rape" would also clearly focus Appellant on any behavior that might constitute sexual relations without valid consent. We find that it was not an abuse of discretion, in light of the circumstances of the search and interrogation, for the military judge to rule that Appellant was adequately advised of the nature of the allegation against him.

*Challenge for Cause*

Appellant also argues that the military judge erred in granting the challenge for cause against Lieutenant Colonel (Lt Col) JD on the basis of implied bias. Prior to trial, Lt Col JD manifested an unwillingness to serve as ordered by the convening authority. Lt Col JD did eventually report to serve, but only after delaying the proceedings. His refusal to report was briefed to the military judge during a conference pursuant to Rule for Courts-Martial (R.C.M.) 802, which the military judge summarized on the record.

During individual voir dire, the military judge addressed the matter with Lt Col JD:

> [Military Judge]: All right, Colonel [D], I'm not going to ask you any questions about your tardiness and in arriving to court this morning.
>
> However, it was noted this morning that all other members arrived within a reasonable time limit set for arriving to court. In your absence, I released the other members for lunch. Consequently, we could not start the trial on time.
>
> However, it was reported to me that when you were called to arrive for court this morning, you expressed a desire to not attend, and would not attend until directed to do so by someone in authority at the [Operations] Group level.
>
> I also note you were selected to be a potential member of the court-martial by Lieutenant General [A], the General Court Martial Convening Order Authority. You were not selected by the case paralegal Senior Airman [C]. You were not selected by the 18th Wing Staff Judge Advocate. You were not selected by the 5th Air Force Staff Judge advocate. In fact, you were detailed to the court by a Commander, in this case, the Commander of 5th Air Force.
>
> Nevertheless, all the personnel—all the previous individuals, especially Senior Airman [C] were attempting to assist you in complying with the order of Lieutenant General [A].
>
> I say this, I'm not going to ask any questions because I just need to note this information for the record so that when this record of trial is reviewed by any reviewing authorities they'll understand the—the difficulty in getting started on time this morning.

ACM 38788

Trial counsel, do you have any questions for this member?

[Trial Counsel]: No, sir.

[Military Judge]: Defense counsel, do you have any questions for this member?

[Area Defense Counsel]: No, Your Honor.

The Government subsequently challenged Lt Col JD on the basis of implied bias, and the Defense opposed the challenge. The military judge granted the challenge for cause. He summarized what he apparently considered the relevant facts prior to his ruling:

Okay. Regarding Colonel [D], the discussion[] we had during the [R.C.M. 802 conference] beforehand was not put on the record, and so I'm going to put it on the record now; that during the [conference] it was relayed to me that when called to come to court, Colonel [D] was trying just about every possible way to not show up for this court, going so far as what was reported to me that caused an emotional response from the case paralegal, Senior Airman [C].

Indicated that he wasn't going to show up to this court unless somebody from the [Operations] Group told him he had to show up, when he has convening orders that ha[ve] Lieutenant General [A]'s signature block. It is signed by Colonel [S], the Staff Judge Advocate, with the signature block "For the Commander," and so it's an order from the commander.

And so the—what was reported to me as a blatant defiance to show up for a court by Lieutenant Colonel [D], and the court wasn't going to ask him any questions because I suspected him of an offense, and I wasn't going to read him [h]is rights because that's not what this court is about, it's not about Lieutenant Colonel [D]'s failure to show up on time for a court for which he was detailed to by the general court-martial convening authority. And Lieutenant Colonel [D] did not attempt to interject at all after the court's admonishment to say, no, that information is incorrect; no you have incorrect information.

I am going to sustain the challenge for cause by trial counsel against Lieutenant Colonel [D] and he will be excused.

We review "issues of implied bias . . . under a standard less deferential than abuse of discretion, but more deferential than de novo." *United States v. Woods*, 74 M.J. 238, 243 (C.A.A.F. 2015) (quoting *United States v. Downing*, 56 M.J. 419, 422 (C.A.A.F. 2002)). A court member should be excused for cause when it appears they "[s]hould not sit as a member in the interest of having the court-martial free from substantial doubt as to legality, fairness, and impartiality." R.C.M. 912(f)(1)(N). The military judge does not apply the liberal grant mandate when ruling on a Government challenge for cause. *United States v. Rodriguez-Rivera*, 63 M.J. 372, 382–83 (C.A.A.F. 2006). We "afford a military judge less deference if an analysis of the implied bias challenge on the record is not provided." *United States v. Peters*, 74 M.J. 31, 34 (C.A.A.F. 2015).

In this case, although the military judge discussed his analysis on the record, he was not explicit in connecting the facts of the case to the legal test for implied bias. His ruling on the record reiterates Lt Col JD's lack of cooperation with legal office personnel and his apparent disregard for the orders of the convening authority. Such conduct alone, however, is not a per se basis for challenge. Such conduct must logically generate a "substantial doubt as to legality, fairness, and impartiality." It is a valid basis for challenge that a member is biased against the Government, such as by holding the Government to a higher standard of proof. *See Rodriguez-Rivera*, 63 M.J. at 383.

While we may have cause to grant less deference to the military judge on the record before us, we would find no error in the military judge's decision even under a de novo standard of review. Although the military judge's explanation did not relate the facts to the legal standard, it is clear from his description that Lt Col JD's resistance to report for court duty had pitted—at least in Lt Col JD's mind—the convening authority's staff against Lt Col JD's immediate command. We do not suggest in any way that Lt Col JD's immediate command actually held or encouraged such a view. Rather, we focus only on the facts that show that Lt Col JD asserted that only his immediate chain of command had the authority to require his attendance, and that he was compelled despite that contention to serve. Under an objective standard, being compelled against his desires and assertion of independence to perform court-member duty by personnel in the legal office on behalf of the convening authority raises a substantial doubt whether Lt Col JD would remain impartial towards the Government. After reviewing the entire circumstances related to Lt Col JD's excusal by the military judge, we find the military judge did not err. A reasonable member of the public could find Lt Col JD's continued participation would call into question the fairness of the trial.[2]

---

[2] Even assuming error, we find that granting the challenge for cause did not materially prejudice Appellant. *See United States v. Dockery*, ACM 38624, unpub. op. at 14–15 (A.F. Ct. Crim. App. 2 December 2015). We note that, although Appellant made two implied-bias challenges for cause that were denied, he elected not to use his peremptory challenge

Next, Appellant asserts that the military judge's instructions on mistake of fact as to age, in the context of the specific wording of the Specification of Charge I, imposed an unconstitutional burden shift upon him. "Whether a panel was properly instructed is a question of law reviewed de novo." *United States v. Ober*, 66 M.J. 393, 405 (C.A.A.F. 2008). "If instructional error is found, because there are constitutional dimensions at play, [the error] 'must be tested for prejudice under the standard of harmless beyond a reasonable doubt.'" *United States v. Wolford*, 62 M.J. 418, 420 (C.A.A.F. 2006) (quoting *United States v. Kreutzer*, 61 M.J. 293, 298 (C.A.A.F. 2005)).

Appellant posits a two-part argument. First, Appellant argues that the Specification of Charge I, by asserting that Appellant engaged in "penetration of [the victim's] vulva with [Appellant's] penis, with the intent to gratify the sexual desire of any person," alleged a specific intent offense. Second, Appellant asserts that the military judge, therefore, erred by giving the standard mistake of fact as to age instruction applicable to the statutory elements rather than the specification alleged. Essentially, Appellant asserts that once the Government chose to allege a specific intent crime, it could no longer avail itself of the statutory language allocating the burden of proving the affirmative defense of mistake of fact as to age. He argues that the specific intent alleged makes his belief of the victim's age an element of the offense, which he cannot constitutionally be required to disprove.[3]

We are not convinced that the specification as alleged established an element of the offense that included Appellant's belief as to the victim's age. As a preliminary matter, there is no Constitutional prohibition against establishing a public welfare offense that does not require a particular criminal state of mind. *See United States v. Gifford*, 75 M.J. 140, 143 (C.A.A.F. 2016). When Congress explicitly does so, as it has in Article 120b, UCMJ, with regard to knowledge of the victim's age, "courts are then obligated to recognize this congressional intent and conform their rulings accordingly." *Id.* Even if the specific intent alleged in the specification constituted an element of the offense as charged, the state of mind alleged in that element would not necessarily apply to all other elements. "Clear analysis requires that the question of the kind of culpability required to establish the commission of an offense be faced separately with respect to each material element of the crime." *United States v. Thomas*, 65 M.J. 132, 133 (C.A.A.F. 2007) (quoting *United States v. Bailey*, 444 U.S. 394, 406, (1980)). The Government did not allege the victim's age in the specific intent clause of the specification. To sustain Appellant's argument, we would

---

to remove any members from the panel. Appellant apparently concluded—and we agree—that all of the members of the panel were qualified to serve and would constitute a fair and impartial panel. We have no evidence a different panel would have produced a better result for Appellant. Appellant has a constitutional and regulatory right to a fair and impartial panel, and there is no evidence that he was deprived of it in this case.

[3] Appellant does not specifically assert on appeal that he was entitled to an instruction that the Government was required to prove this intent beyond a reasonable doubt. We note that the military judge did not give such an instruction. We find that even if we concluded that the military judge's failure to give such an instruction constituted error, any such error would have been harmless beyond a reasonable doubt given the evidence in this case.

have to apply the specific intent aspect of the putative additional element to the statutory elements of the offense. Congress has explicitly indicated that knowledge of age is not required to prove the statutory element related to the victim's age. Even if we presume that the additional language established an element of the offense, such additional elements cannot conflict with the express intent of Congress. *See United States v. Jones*, 68 M.J. 465, 471 (C.A.A.F. 2010) ("Determinations as to what constitutes a federal crime, and the delineation of the elements of such criminal offenses—including those found in the UCMJ—are entrusted to Congress."). Accordingly, we find that Appellant's knowledge of the victim's age was not a part of any element of the offense as alleged, and, therefore, the military judge's instructions did not shift the burden to disprove an element of the offense to Appellant.

*Notice and the Article 134, UCMJ, Charge*

Appellant also contends that Charge II fails to state all the necessary elements of the charged offense, thereby failing to put him on notice of the alleged offense. Whether a charge and specification state an offense is a question of law that we review de novo. *United States v. Ballan*, 71 M.J. 28, 33 (C.A.A.F. 2012). Specifications that are first challenged after trial are viewed with greater tolerance than those challenged at trial. *United States v. Watkins*, 21 M.J. 208, 209 (C.M.A. 1986). "[W]here defects in a specification are raised for the first time on appeal, dismissal of the affected charges or specifications will depend on whether there is plain error." *United States v. Humphries*, 71 M.J. 209, 213 (C.A.A.F. 2012). "Appellant has the burden of demonstrating that: (1) there was error; (2) the error was plain or obvious; and (3) the error materially prejudiced a substantial right of the accused." *United States v. Girouard*, 70 M.J. 5, 11 (C.A.A.F. 2011).

The military is a notice pleading jurisdiction. "[C]harge[s] and specification[s] will be found sufficient if they, 'first, contain[] the elements of the offense charged and fairly inform[] a defendant of the charge against which he must defend, and, second, enable[] him to plead an acquittal or conviction in bar of future prosecutions for the same offense.'" *United States v. Fosler*, 70 M.J. 225, 229 (C.A.A.F. 2011) (quoting *Hamling v. United States*, 418 U.S. 87, 117 (1974)).

Our superior court examined the elements of an Article 134, UCMJ, offense in *Fosler*:

> To establish a violation of Article 134, [UCMJ], the government must prove beyond a reasonable doubt both that the accused engaged in certain conduct and that the conduct satisfied at least one of three listed criteria. The latter element is commonly referred to as the "terminal element" of Article 134 and the government must prove that at least one of the article's three clauses has been met: that the accused's conduct

was (1) "to the prejudice of good order and discipline," (2) "of a nature to bring discredit upon the armed forces," or (3) a "crime [or] offense[] not capital."

*Fosler*, 70 M.J. at 226. The specification at issue here alleged both that Appellant's conduct was prejudicial to good order and discipline and that it was service discrediting.

Despite the language in the specification, Appellant's argument on appeal appears to be premised on the theory that the Government was attempting to allege a violation of clause 3 of Article 134, UCMJ. Appellant asserts that it is inappropriate to incorporate foreign law, and that violating the prohibition on underage drinking under Japanese law constitutes a civil infraction. Based on those two assertions, Appellant argues the specification must fail.

We find that Appellant's analysis under clause 3 is misplaced. The core holding of *Fosler* is that a specification alleging a violation of Article 134, UCMJ, must allege the terminal element so that an accused knows "which clause or clauses he must defend against." *Id.* at 230. In this case, the Government explicitly alleged the terminal element for an offense under clause 1, clause 2, or both—explicitly placing Appellant on notice that it was those theories of liability against which he was required to defend.

Appellant argues in the alternative that the specification would fail under a clause 1 or clause 2 analysis because it fails to allege wrongfulness or unlawfulness in the specification. We disagree. The specification alleges Appellant provided alcoholic beverages to "minors who had not attained the legal drinking age of 20." The specification sufficiently alleges the criminality of the conduct by specifically identifying the minors in receipt of the alcohol as not yet attaining the legal drinking age. *See United States v. Vaughan,* 58 M.J. 29, 33–36 (C.A.A.F. 2003) (concluding that an Article 134, UCMJ, charge of "leaving [an infant] in [the appellant's] house without supervision or care for an unreasonable period of time, without regard for the mental or physical health, safety, or welfare of [the infant]" contained sufficient words of criminality); *United States v. Thoms*, Dkt. No. 1370 (C.G. Ct. Crim. App. 15 April 2014) (unpub. op.) (affirming an Article 134, UCMJ, specification of publishing a nude picture of a servicewoman without her permission despite the absence of words of criminality in the specification). We find that the language in this specification includes sufficient words of criminality and was sufficient to put the Appellant on notice of the wrongful conduct alleged.

*Factual Sufficiency*

Appellant also argues that the evidence was factually insufficient to sustain a conviction on Charge II. We review issues of factual sufficiency de novo. *United States v. Washington*, 57 M.J. 394, 399 (C.A.A.F. 2002). "The test for factual sufficiency 'is whether, after weighing the evidence in the record of trial and making allowances for not having personally observed the witnesses,' [we ourselves are] 'convinced of the

[appellant]'s guilt beyond a reasonable doubt.'" *United States v. Reed*, 54 M.J. 37, 41 (C.A.A.F. 2000) (quoting *United States v. Turner*, 25 M.J. 324, 325 (C.M.A. 1987)). Applying these standards to the record in this case, we find the evidence legally and factually sufficient to support the findings of guilt.

The offense alleged has two elements: (1) that on or about 19 January 2013, at or near Kadena Air Base, Okinawa, Japan, Appellant purchased alcohol for and provided alcohol to the two specified minors who had not attained the legal drinking age of 20; and (2) that, under the circumstances, the conduct of the accused was "to the prejudice of good order and discipline in the armed forces and was of a nature to bring discredit upon the armed forces." There was no material dispute at trial about the location or date of the alleged conduct or whether the minors were under the age of 20.

Having applied the standards set out above, we are convinced that one of the minors asked Appellant to buy alcohol for them, that Appellant agreed, and that he in fact did so. Moreover, we are convinced that Appellant's actions, in light of all of the circumstances including the minors' status as dependents of military personnel, were both prejudicial to good order and discipline and service discrediting. Accordingly, we find the evidence legally sufficient to support his conviction of Charge II and its specification.

*Post-trial Delay*

Appellant next argues that the time elapsed between the conclusion of trial and action, as well as the time between action and docketing with this court, constituted unreasonable post-trial delay meriting relief under *United States v. Tardif*, 57 M.J. 219 (C.A.A.F. 2002). Under *United States v. Moreno*, courts "apply a presumption of unreasonable delay . . . where the action of the convening authority is not taken within 120 days of the completion of trial." 63 M.J. 129, 142 (C.A.A.F. 2002). We also apply a presumption of unreasonable delay "where the record of trial is not docketed by the service Court of Criminal Appeals within thirty days of the convening authority's action." *Id.* Appellant does not assert any prejudice, but instead argues that the court should nonetheless grant relief under *Tardif*.

This court set out a non-exhaustive list of factors we consider when evaluating the appropriateness of *Tardif* relief in *United States v. Bischoff*, 74 M.J. 664 (A.F. Ct. Crim. App. 2015); s*ee also United States v. Gay*, 74 M.J. 736, 744 (A.F. Ct. Crim. App. 2015) (articulating factors specifically tailored to answer the question whether *Tardif* relief is appropriate). The factors include "the length and reasons for the delay, the length and complexity of the record, the offenses involved, and the evidence of bad faith or gross negligence in the post-trial process." *Bischoff*, 74 M.J. at 672. Appellant has not asserted any additional factors that merit consideration in this case.

The time required to process this case through convening authority action exceeded the 120-day standard by 40 days. The Government obtained an affidavit establishing that

the reasons for the delay were predominantly related to difficulty serving Appellant's copy of the record of trial in the military confinement facility. The Government, reasonably anticipating the upcoming holidays might impact mail service, secured commercial express mail service. That delivery, apparently mislabeled, did not arrive on time and required some time to track down. Furthermore, actual service did not occur prior to action, requiring a substantial portion of the process to be re-accomplished. While the delay could have been avoided, we find no gross negligence or bad faith. The record, although not unusually voluminous, was also not unusually brief, and the sexual assault offense is a serious offense. On the whole, we find the delay, although presumptively unreasonable, to be reasonable in this case and conclude no *Tardif* relief is warranted.

The time required to forward the case for docketing with this court exceeded the 30-day standard by 4 days. The Government did not provide a detailed explanation for this delay, but there is also no evidence of bad faith or gross negligence. In light of the seriousness of the offenses, and the comparative brevity of the delay, we conclude no *Tardif* relief is warranted for this delay as well.

### Conclusion

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of the appellant occurred.[4] Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the approved findings and sentence are **AFFIRMED**.

Judge Teller authored this decision prior to his retirement.

FOR THE COURT

LAQUITTA J. SMITH
Appellate Paralegal Specialist

---

[4] The court-martial order (CMO) erroneously states that Appellant was charged with and convicted of a violation of Article 120, UCMJ, 10 U.S.C. § 920, under Charge I. In fact, he was charged with and convicted of a violation of Article 120b, UCMJ, 10 U.S.C. § 920b. The report of result of trial provided to the convening authority prior to action was correct. We order promulgation of a corrected CMO.

ACM 38788