STUCKY, Judge
(concurring).
I agree with the majority that “the military judge’s decision to determine that a Marcum factor existed himself rather than instruct the members that they must determine the existence of a Marcum factor was error,” and agree that the error materially prejudiced Appellant’s due process rights. United States v. Castellano, 72 M.J. 217, 219 (C.A.A.F. 2013) (referring to factors delineated in United States v. Marcum, 60 M.J. 198, 206-07 (C.A.A.F.2004)). However, for the reasons set out in my dissent in United States v. Goings, 72 M.J. 202, 206-08 (C.A.A.F. 2013) (Stueky, J., dissenting), I believe that the majority mischaracterizes Lawrence v. Texas, 539 U.S. 558, 123 S.Ct. 2472, 156 L.Ed.2d 508 (2003).
I also disagree with the majority’s use of the “open and notorious” standard as a metric for indecency. Castellano, 72 M.J. at 222-23; see also Goings, 72 M.J. at 207-08 (Stueky, J., dissenting). I do not believe that the broad holding of United States v. Berry, 6 USCMA 609, 20 C.M.R. 325 (1956), remains good law after Lawrence. Similarly, I question the majority’s suggestion that the type of “public conduct” the Supreme Court envisioned as a possible exception to the liberty interest in Lawrence is equivalent to the conduct this Court deemed “open and notorious” prior to Lawrence. Castellano, 72 M.J. at 222-23; Lawrence, 539 U.S. at 578, 123 S.Ct. 2472; Goings, 72 M.J. at 206-08 (Stucky, J., dissenting); see also Berry, 6 USCMA at 614, 20 C.M.R. at 330 (holding that an act is “open and notorious” if the *224 participants know that a third person is present).
I therefore concur.