# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
KERN, ALDYKIEWICZ and HAIGHT
Appellate Military Judges

**UNITED STATES, Appellee**

v.

**Captain ROBERT A. WARREN**
**United States Army, Appellant**

ARMY 20100914

Special Operations Command Central
Michael J. Hargis, Military Judge
Commander Todd C. Huntley, USN, Staff Judge Advocate

For Appellant: Captain Brandon H. Iriye, JA; Mr. Donald G. Rehkopf, Jr., Esquire (on brief).

For Appellee: Lieutenant Colonel Amber J. Roach, JA; Major Catherine L. Brantley, JA; Captain Edward J. Whitford, JA (on brief).

29 August 2013

------------------------------------
SUMMARY DISPOSITION
------------------------------------

KERN, Senior Judge:

A general court-martial composed of officer members convicted appellant, contrary to his pleas, of violating a general order, wrongfully possessing a controlled substance, rape, conduct unbecoming an officer, adultery, and obstruction of justice, in violation of Articles 92, 112a, 120, 133, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 892, 912a, 920, 933, 934 (2006) [hereinafter UCMJ]. The panel sentenced appellant to a dismissal, confinement for eight years, and to forfeit all pay and allowances. The convening authority approved only so much of the sentence as provided for a dismissal and confinement for seven years and eight months.



WARREN—ARMY 20100914

The case is now before this court for review under Article 66, UCMJ. Appellant alleges eight assignments of error[*], only one of which merits discussion and relief. In consideration of our superior court's decision in *United States v. Humphries*, 71 M.J. 209 (C.A.A.F. 2012), we are compelled to set aside the findings of guilty to specifications 1 and 2 of Charge V, the adultery and obstruction of justice specifications charged under Article 134, UCMJ.

The specifications do not allege the Article 134, UCMJ, terminal element of conduct that is prejudicial to good order and discipline (Clause 1) or of a nature to bring discredit upon the armed forces (Clause 2). "Where, as here, a specification neither expressly alleges nor necessarily implies the terminal element, the specification is defective." *United States v. Gaskins*, 72 M.J. 225, 232 (C.A.A.F. 2013) (citing *United States v. Fosler*, 70 M.J. 225, 229–30 (C.A.A.F. 2011)). However, appellant did not object to the form of the specification at trial, and "where defects in a specification are raised for the first time on appeal, dismissal of the affected charges or specifications will depend on whether there is plain error— which, in most cases will turn on the question of prejudice." *United States v. Humphries*, 71 M.J. 209, 213–14 (C.A.A.F. 2012) (citing *United States v. Cotton*, 535 U.S. 625, 631–32 (2002)). Therefore, appellant must demonstrate "the Government's error in failing to plead the terminal element of Article 134, UCMJ, resulted in material prejudice to [appellant's] substantial, constitutional right to notice." *Humphries*, 71 M.J. at 215; UCMJ art. 59(a). To assess prejudice, "we look to the record to determine whether notice of the missing element is somewhere extant in the trial record, or whether the element is 'essentially uncontroverted.'" *Id.* at 215–16 (citing *Cotton*, 535 U.S. at 633; *Johnson v. United States*, 520 U.S. 461, 470 (1997)).

After thoroughly reviewing the record, we do not find any indication that appellant was on notice of the missing terminal element for either specification. The government never proffered its theory of criminality with respect to the terminal element, and did not "put on any direct evidence of the terminal element." *Gaskins*, 72 M.J. at 233-34. *See also United States v. Goings*, 72 M.J. 202 (C.A.A.F. 2013) (finding the appellant was not prejudiced by the government's failure to plead the terminal element because it proffered its theory of criminality, presented direct evidence on the terminal element, and appellant put on a vigorous defense). Based on a totality of the circumstances in this case, we are not convinced appellant was placed on sufficient notice of the government's theory as to which clause(s) of Article 134, UCMJ, he violated. As a result, appellant's substantial right to notice was materially prejudiced by the government's failure to allege the terminal

---

[*] By separate order, we direct the briefs of both appellant and appellee be sealed as both discuss evidence which was sealed by the military judge.

element. *See* UCMJ art. 59(a). Accordingly, on consideration of the entire record and in light of *Humphries*, the findings of guilty to Specifications 1 and 2 of Charge V and Charge V are set aside.

### *Reassessment of the Sentence*

We must now consider and determine whether we can appropriately reassess the sentence with the dismissal of Specifications 1 and 2 of Charge V and Charge V. If this court "can determine that, absent the error, the sentence would have been at least of a certain magnitude, then [we] may cure the error by reassessing the sentence instead of ordering a sentencing rehearing." *United States v. Doss*, 57 M.J. 182, 185 (C.A.A.F. 2002) (citing *United States v. Sales*, 22 M.J. 305, 308 (C.M.A. 1986)). A "dramatic change in the 'penalty landscape'" lessens our ability to reassess a sentence. *United States v. Riley*, 58 M.J. 305, 312 (C.A.A.F. 2003). Ultimately, a sentence can be reassessed only if we "confidently can discern the extent of the error's effect on the sentencing authority's decision." *United States v. Reed*, 33 M.J. 98, 99 (C.M.A. 1991). Because the error in this case is of a constitutional magnitude, we "must be satisfied beyond a reasonable doubt that . . . reassessment [can cure] the error." *Doss*, 57 M.J. at 185 (citing *Sales*, 22 M.J. at 307). Additionally, we must determine that a sentence we propose to affirm is "appropriate," as required by Article 66(c), UCMJ. In short, a reassessed sentence must be purged of prejudicial error and also must be appropriate for the offense and the offender involved. *Sales*, 22 M.J. at 307–08.

In this case, the sentencing landscape does not change with the dismissal of Specifications 1 and 2 of Charge V and Charge V. The maximum punishment remains the same, including confinement for life without parole. Viewing the remaining convictions in light of this context, we are convinced that we can reassess the sentence from appellant's trial. We have considered the entire record and the principles of *Sales* and *United States v. Moffeit*, 63 M.J. 40 (C.A.A.F. 2006), to include the factors identified by Judge Baker in his concurring opinion in *Moffeit*. Among other matters, we took into account appellant's length of service, his family, and his service record. We also considered the serious nature of appellant's remaining convictions, to include the gravamen offense of rape. In addition, we also considered appellant's record of prior misconduct. In light of the foregoing, we are confident beyond a reasonable doubt that appellant would have received a sentence on the remaining convictions of no less than a dismissal and confinement for seven years and eight months. We find such a sentence is correct in law and fact and, based on the entire record, should be approved.

### CONCLUSION

Specifications 1 and 2 of Charge V and Charge V are set aside. The remaining findings of guilty are AFFIRMED. After reassessing the sentence on the

3

basis of the error noted above, the submissions of the parties, and the entire record, the approved sentence is AFFIRMED. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings set aside by this decision, are ordered restored. *See* UCMJ art. 75(a).

Judge ALDYKIEWICZ and Judge HAIGHT concur.

FOR THE COURT:

MALCOLM H. SQUIRES JR.
Clerk of Court