# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
GLANVILLE, YOB, and KRAUSS
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist BRANDON T. PARKER**
**United States Army, Appellant**

ARMY 20110248

Headquarters, 10th Mountain Division (Light Infantry)
Michael J. Hargis, Military Judge
Colonel Michael O. Lacey, Staff Judge Advocate (pretrial and addendum);
Lieutenant Colonel Olga M. Anderson, Acting Staff Judge Advocate
(recommendation)

For Appellant:  Colonel Patricia A. Ham, JA; Lieutenant Colonel Imogene M. Jamison, JA; Major Jacob D. Bashore, JA; Captain John L. Schriver, JA (on brief).

For Appellee:  Lieutenant Colonel Amber J. Roach, JA; Captain Chad M. Fisher, JA; Major James A. Ewing, JA (on brief).

26 September 2013

---------------------------------------------------------
SUMMARY DISPOSITION ON REMAND
---------------------------------------------------------

KRAUSS, Judge:

A military judge, sitting as a general court-martial convicted appellant, contrary to his pleas, of one specification of conspiracy, two specifications of larceny, one specification of soliciting another to commit an offense, and one specification of stealing mail, in violation of Articles 81, 121, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 881, 921, 934 (2006) [hereinafter UCMJ]. Appellant was sentenced to a bad-conduct discharge, confinement for forty-three months, and reduction to the grade of E-1.  The convening authority approved only so much of the sentence extending to a bad-conduct discharge, confinement for thirty-eight months, and reduction to the grade of E-1.

On 23 July 2013, we issued a decision in this case affirming the findings of guilty and the sentence.  On 4 September 2013, in view of *United States v. Goings*, 72 M.J. 202 (C.A.A.F. 2013) and *United States v. Gaskins*, 72 M.J. 225 (C.A.A.F.

2013), our superior court reversed our decision as to Charge III and its two specifications (soliciting another to commit an offense and stealing mail in violation of Article 134, UCMJ) and as to the sentence. The court returned the record of trial to The Judge Advocate General of the Army for remand to this court to either dismiss Charge III and its specifications and reassess the sentence based on the affirmed findings or order a rehearing on the affected charge and sentence. We choose the former as more appropriate under the circumstances of this case.

We recognize that appellant's misconduct was largely defined by his theft of mail matter and that the maximum sentence is significantly affected by dismissal of Charge III and its specifications. However, the affirmed findings of guilty include appellant's conviction for conspiring to steal mail matter and two larcenies associated with his theft of mail matter. In addition, the evidence of appellant's theft of mail matter is inextricably intertwined with that of the conspiracy and larceny charges, and the evidence of wrongful solicitation and theft of mail matter was otherwise admissible as evidence in aggravation. *See United States v. Gaines*, 9 C.M.R. 854 (A.F.B.R. 1953); Rule for Court-Martial 1001(b)(4). We therefore conclude that reassessment is appropriate. *See United States v. Sales*, 22 M.J. 305 (C.M.A. 1986). Applying the principles of *Sales,* we are satisfied that our reassessment cures the error concerned and find, under the circumstances of this case, that appellant would have received an approved sentence at least as severe as a bad-conduct discharge, confinement for twenty-six months, and reduction to the grade of E-1 even absent charge of the Article 134, UCMJ, offenses here dismissed.

Therefore, the findings of guilty of Charge III and its specifications are set aside and dismissed. The remaining findings of guilty have been affirmed. Reassessing the sentence on the basis of the error noted, the entire record, and in accordance with the principles of *Sales* and *United States v. Moffeit*, 63 M.J. 40 (C.A.A.F. 2006), to include the factors identified by Judge Baker in his concurring opinion in *Moffeit*, the court affirms only so much of the sentence as provides for a bad-conduct discharge, confinement for twenty-six months, and reduction to the grade of E-1. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of his sentence set aside by this decision, are ordered restored. *See* UCMJ arts. 58b(c) and 75(a).

Chief Judge GLANVILLE and Senior Judge YOB concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

2