# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

## UNITED STATES

### v.

### Senior Airman DAMARIO A. COLEMAN
### United States Air Force

### ACM 38287

### 29 July 2014

Sentence adjudged 29 September 2012 by GCM convened at Minot Air Force Base, North Dakota. Military Judge: Matthew D. Van Dalen.

Approved Sentence: Dishonorable discharge, confinement for 12 years, forfeiture of all pay and allowances, and reduction to E-1.

Appellate Counsel for the Appellant: Major Zaven T. Saroyan.

Appellate Counsel for the United States: Colonel Don M. Christensen; Lieutenant Colonel Christopher T. Smith; Captain Thomas J. Alford; and Gerald R. Bruce, Esquire.

Before

ALLRED, MITCHELL, and WEBER
Appellate Military Judges

OPINION OF THE COURT

This opinion is subject to editorial correction before final release.

WEBER, Judge:

A panel of officer members at a general court-martial convicted the appellant, contrary to his pleas, of sexual misconduct toward two women. The members convicted the appellant of raping a woman (TF) at or near Minot, North Dakota, in December 2011, and of the following acts upon a second woman (KR) at or near Macon, Georgia, three months earlier: aggravated sexual assault (three specifications involving digital penetration of her vagina and anus, and pulling her head so that her mouth came into contact with his penis) and forcible sodomy. The offenses of which the appellant was convicted represent violations of Articles 120 and 125, UCMJ, 10 U.S.C. §§ 920, 925.

The adjudged and approved sentence consisted of a dishonorable discharge, confinement for 12 years, forfeiture of all pay and allowances, and reduction to the grade of E-1.

The appellant raises four issues on appeal: (1) whether Mil. R. Evid. 413 is unconstitutional as instructed upon in his court-martial; (2) whether the military judge erred by allowing one piece of DNA evidence to be used to corroborate the appellant's statement regarding multiple charged sexual acts toward KR; (3) whether the record of trial is substantially incomplete because the first 30 paragraphs of the staff judge advocate's pretrial advice are missing; and (4) whether the appellant is entitled to relief because the convening authority did not take action until 154 days after the completion of trial. Finding no error materially prejudicial to a substantial right of the appellant, we affirm.

*Background*

The appellant sexually assaulted two civilian women in separate incidents three months apart. On 4 September 2011, the appellant was in Macon, Georgia, on leave. He was driving back from a club with his sister when they saw a woman (KR) trying to steer to the shoulder of the interstate because her car was badly damaged. The appellant stopped the car, checked on KR, and eventually offered to drive her home. The appellant's sister observed that KR was nonresponsive when asked questions, and in a statement to law enforcement officials she described KR's condition as generally nonresponsive. After dropping off his sister at home, the appellant drove KR to a run-down residential area where he parked the car in front of an abandoned house. There, the appellant and KR performed oral sex on each other, and the appellant digitally penetrated KR's vagina and anus. Soon after the sexual acts, KR exited the vehicle and asked a passerby to call 911. KR reported that she did not know how she ended up in front of the abandoned house with the appellant, and that she awoke to the appellant forcing her head down onto his penis.

Three months later, TF was walking around the city of Minot, North Dakota, after an argument with her roommates. The appellant pulled up to her in his car and instructed her to get in. He then drove her to the outskirts of town, where he asked her to perform a sex act upon him. When she declined, he moved over to the passenger seat on top of her, raised her legs in the air, and engaged in vaginal intercourse before ejaculating on her clothes and demanding that she leave the car. TF promptly called 911 and reported that she had been raped. A rape kit and subsequent DNA analysis revealed the presence of the appellant's sperm on TF's coat, consistent with her account.

Macon police initially investigated the incident with KR in September. A police officer interviewed the appellant. The appellant admitted to engaging in oral sex and digital penetration of KR's vagina and anus, but he maintained the acts were consensual.

A rape kit and subsequent DNA analysis revealed skin cells consistent with the appellant's DNA profile were contained in vaginal-cervical and rectal swabs from KR.

After the Minot incident, Air Force officials requested and received jurisdiction over both matters. Investigative agents interviewed the appellant pursuant to a rights advisement. As before, the appellant admitted to the sexual acts with KR in Macon but insisted the events were consensual. He initially denied ever picking up a woman in his car in Minot, but when confronted he admitted he picked up TF and took her to the outskirts of town. He eventually admitted to penetrating her vagina with his penis. He also admitted she repeatedly told him no or to stop, including while he was on top of her. When agents returned to the incident with KR, the appellant still largely maintained the encounter was consensual. He did admit that KR was sufficiently drunk that she "probably" and "most likely" could not have consented to any sexual activity.

Further relevant facts are detailed for each assignment of error below.

*Constitutionality of Mil. R. Evid. 413*

The military judge issued standard instructions that allowed the members to consider the alleged sexual assault concerning one woman in considering whether the appellant demonstrated the propensity to engage in sexual assault, and therefore whether this was relevant in determining that he committed sexual assault involving the other woman. The military judge also instructed the members that they could not convict the appellant solely on propensity evidence and the burden of proof as to each element always remained with the Government. The military judge also provided a "spillover" instruction, informing the members that proof of one offense carries no inference that the appellant was guilty of any other offense.

The appellant asserts what he frames as an "as applied" challenge to the constitutionality of Mil. R. Evid. 413, asserting that it is unconstitutional as instructed in his case. He asserts that the military judge's instructions create the danger of improper "looping" by creating a possibility the members might use one offense for which a preponderance of the evidence exists in order to convict the appellant of a second offense, and then use evidence of that second offense to convict the appellant of the first offense.

We review both the constitutionality of a rule and the question of whether members were properly instructed de novo. *United States v. Wright*, 53 M.J. 476, 478 (C.A.A.F. 2000); *United States v. Schroder*, 65 M.J. 49, 54 (C.A.A.F. 2007). When an appellant first challenges the constitutionality of a statute as applied on appeal, the matter is generally considered to be forfeited and reviewed under a plain error standard. *United States v. Goings*, 72 M.J. 202, 205 (C.A.A.F. 2013). Upon plain error review, to prove that Mil. R. Evid. 413 is unconstitutional as applied, an appellant "must point to

particular facts in the record that plainly demonstrate why his interests should overcome Congress' and the President's determinations that his conduct be proscribed." *Id.* (citing *United States v. Vazquez*, 72 M.J. 13, 16-21 (C.A.A.F. 2013); *United States v. Ali*, 71 M.J. 256, 266 (C.A.A.F. 2012)).

Mil. R. Evid. 413(a) provides that "[i]n a court-martial in which the accused is charged with an offense of sexual assault, evidence of the accused's commission of one or more offenses of sexual assault is admissible and may be considered for its bearing on any matter to which it is relevant." One purpose for which this evidence may be admitted is to demonstrate an accused's propensity to commit the charged offenses. *United States v. Parker*, 59 M.J. 195, 198 (C.A.A.F. 2003). Our superior court has held that the Rule does not violate due process or equal protection principles under the Constitution. *Wright*, 53 M.J. at 483.

The appellant did not challenge the constitutionality of the military judge's instructions at trial, and we decline the appellant's invitation to speculate about his asserted possible dangers of Mil. R. Evid. 413. While he frames this issue as an "as applied" challenge to the Rule, the military judge's instructions were fully in line with the Rule's permission to use evidence of commission of one sexual assault offense to prove propensity to engage in other such offenses. Therefore, the appellant is really asserting that the Rule is unconstitutional on its face. Our superior court has already determined the Rule is constitutional both on its face and as applied in that case, and the appellant raises no new concern our superior court has not already addressed. In addition, the military judge's instructions fully advised the members that the burden of proof for every element of every offense remained with the Government and the members could not convict the appellant based on propensity evidence alone. These instructions are fully in line with our superior court's guidance. *See Schroder*, 65 M.J. at 56 (holding such instructions are warranted in the case of Mil. R. Evid. 414 propensity evidence). We find no reason to analyze this issue further.

### *DNA Evidence as Corroboration*

The appellant challenges the military judge's decision to admit the appellant's confession regarding KR. He asserts the confession was not corroborated in regard to the multiple charged offenses of aggravated sexual assault upon KR because the Government's corroboration consisted of DNA evidence of unidentified skin cells found in KR's vaginal-cervical and rectal swabs. He asserts that such evidence cannot logically corroborate the appellant's statements regarding oral intercourse, digital penetration of the vagina, and digital penetration of the anus because the skin cells could have come from anywhere on the appellant's body. Therefore, he asserts, the military judge should have either found that the DNA evidence corroborated no part of the appellant's confession (on the theory that the corroborative evidence was too speculative) or at most one aspect of his confession.

Mil. R. Evid. 304(g) provides that an admission by the appellant may only be considered as evidence against him if independent evidence has been introduced that corroborates the essential facts. The standard for corroboration is "very low," *United States v. Seay*, 60 M.J. 73, 80 (C.A.A.F. 2004), and the quantum of corroborating evidence may be "very slight." *United States v. Melvin*, 26 M.J. 145, 146 (C.M.A. 1988). This very slight "corroborating evidence need not confirm each element of an offense, but rather must 'corroborate[ ] the essential facts admitted to justify sufficiently an inference of their truth.'" *United States v. Arnold*, 61 M.J. 254, 257 (C.A.A.F. 2005) (quoting Mil. R. Evid. 304(g)) (alteration in original).

We review the denial of a motion to suppress a confession under an abuse of discretion standard and will not disturb the military judge's findings of fact unless those findings are clearly erroneous. *United States v. Simpson*, 54 M.J. 281, 283 (C.A.A.F. 2000) (citing *United States v. Young*, 49 M.J. 265, 266-67 (C.A.A.F. 1998); *United States v. Ford*, 51 M.J. 445, 451 (C.A.A.F. 1999)).

The Government only needed "very slight" corroborative evidence to allow the admission of the appellant's confession. Skin cells consistent with the appellant's DNA profile were found in vaginal-cervical and rectal swabs of KR. It is true that the Government's DNA expert could not establish whether these skin cells came from the appellant's fingers, his mouth, neither, or both. Nonetheless, the skin cells consistent with the appellant's DNA profile were found in KR's body. Given the "very slight" quantum of evidence needed to corroborate a confession, we see no reason why the presence of such skin cells could not be used to corroborate all aspects of the appellant's confession. In addition, we note that the record contains other corroborative evidence as well, such as KR's testimony concerning the oral sex and her rectal discomfort afterward. We hold the military judge did not abuse his discretion in admitting the entirety of the appellant's confession regarding KR.

### *Staff Judge Advocate's Pretrial Advice*

We summarily reject the appellant's contention that the record of trial is missing the first 30 paragraphs of the staff judge advocate's pretrial advice to the convening authority. The record of trial contains the entire pretrial advice, which is in proper form.

### *Post-Trial Processing Delay*

The appellant asserts he is entitled to relief because the Government violated his due process right to timely post-trial processing of his case when 154 days elapsed after trial until the convening authority took action. Alternatively, he asserts that he is entitled to sentence appropriateness relief under Article 66(c), UCMJ, 10 U.S.C. § 866(c), because of the post-trial delay.

The appellant's trial concluded on 28 September 2012. The 1,629-page, 10-volume record of trial was authenticated on 30 December 2012 (day 93 following trial). The staff judge advocate's recommendation is dated 29 January 2013 (day 123 following trial). The staff judge advocate's recommendation was served on trial defense counsel that same day and on the appellant on 11 February 2013. The appellant submitted clemency matters on 21 February 2013 (day 146), and the addendum to the staff judge advocate's recommendation was signed on 1 March 2013 (day 154). The convening authority took action the day the addendum was signed.

We review de novo claims that an appellant was denied his due process right to speedy post-trial processing. *United States v. Moreno*, 63 M.J. 129, 142 (C.A.A.F. 2006). In conducting this review, we assess the four factors laid out in *Barker v. Wingo*, 407 U.S. 514, 530 (1972): (1) the length of the delay; (2) the reasons for the delay; (3) the appellant's assertion of the right to timely review and appeal; and (4) prejudice. *See Moreno*, 63 M.J. at 135 (citing *United States v. Jones*, 61 M.J. 80, 83 (C.A.A.F. 2005); *Toohey v. United States*, 60 M.J. 100, 102 (C.A.A.F. 2004)). There is a presumption of unreasonable delay when the convening authority does not take action within 120 days of the completion of trial. *Id*. at 142.

Since the convening authority's action did not take place within 120 days of the completion of trial, the length of the delay is presumed unreasonable and we proceed to an analysis of the remaining three *Barker* factors. As to the second factor (reasons for the delay), this record of trial was lengthy and the record reveals the Government generally moved this case in a relatively timely manner following trial. Concerning factor three (the appellant's assertion of the right to timely review and appeal), the appellant concedes that he did not separately assert his right to timely post-trial review. Finally, the appellant concedes: "The prejudice in this case rises and falls with [the appellant's] other issues. Simply put, if this Court finds that [the appellant] is due relief on another issue, it is clear that result was delayed and [the appellant was] prejudiced due to that delay." We have found no basis for relief in the other assigned errors in this case, and therefore, by the appellant's own admission, no prejudice exists from the delay. Weighing these four factors, we find no due process violation in the post-trial processing of this case.

We are also mindful of our authority to grant relief under *United States v. Tardif*, 57 M.J. 219 (C.A.A.F. 2002), and Article 66(c), UCMJ, even in the absence of prejudice. We decline to do so here. We see nothing about the post-trial processing of this case that renders the appellant's sentence inappropriate or provides any reason to grant relief.

*Conclusion*

The findings and the sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of the appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the findings and the sentence are

AFFIRMED.

FOR THE COURT

STEVEN LUCAS
Clerk of the Court