# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**No. ACM 39158**

————————————

**UNITED STATES**
*Appellee*

**v.**

**Carl M. SHEA**
Airman First Class (E-3), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 26 March 2018

————————————

*Military Judge:* Charles E. Wiedie, Jr.

*Approved sentence:* Dishonorable discharge, confinement for 18 months, forfeiture of all pay and allowances, and reduction to E-1. Sentence adjudged 10 June 2016 by GCM convened at Davis-Monthan Air Force Base, Arizona.

*For Appellant:* Lieutenant Colonel Nicholas W. McCue, USAF; Major Mark C. Bruegger, USAF; Brian L. Mizer, Esquire.

*For Appellee:* Lieutenant Colonel Joseph J. Kubler, USAF; Major Amanda L.K. Linares, USAF; Major Mary Ellen Payne, USAF.

Before JOHNSON, MINK, and DENNIS, *Appellate Military Judges*.

Senior Judge JOHNSON delivered the opinion of the court, in which Judge MINK and Judge DENNIS joined.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.**

————————————

JOHNSON, Senior Judge:

Appellant was found guilty by a general court-martial composed of officer members, contrary to his pleas, of one specification of wrongful use of cocaine

on divers occasions, two specifications of committing a lewd act on a child, and two specifications of wrongful possession of child pornography, in violation of Articles 112a, 120b, and 134 of the Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 912a, 920b, 934. The court-martial sentenced Appellant to a dishonorable discharge, confinement for 18 months, forfeiture of all pay and allowances, and reduction to the grade of E-1. The convening authority approved the adjudged sentence.

Appellant raises three issues on appeal: (1) Whether his conduct underlying his convictions for possessing child pornography was protected by his constitutional right to due process; (2) Whether the evidence that his possession of child pornography was service-discrediting was legally and factually sufficient; and (3) Whether his conduct underlying his convictions for possessing child pornography was protected by the First Amendment[1] such that the Government was required to establish a direct and palpable connection between that conduct and the military mission or environment under *United States v. Wilcox*, 66 M.J. 442 (C.A.A.F. 2008). We find no error and we affirm the findings and sentence.

# I. BACKGROUND

Appellant was stationed at Davis-Monthan Air Force Base (AFB), Arizona, and was 20 or 21 years old during the time frames alleged in the specifications. His name came up during a security forces investigation into illicit drug use by other Airmen at Davis-Monthan AFB. Security forces investigators interviewed Appellant after advising him of his Article 31, UCMJ, rights. Appellant admitted to using cocaine on five occasions at off-base parties in Tucson with civilians and other Airmen, several of whom subsequently testified at his court-martial.

Appellant consented to have his cell phone searched. The security forces investigators enlisted the assistance of the local Air Force Office of Special Investigations (AFOSI) detachment, which had a greater capacity to extract data from cell phones. While searching Appellant's phone for evidence of drug abuse, AFOSI agents identified multiple sexually explicit images of females potentially under the age of 18 years. The AFOSI agents sent Appellant's phone to the Defense Criminal Forensics Laboratory for further analysis. Subsequent investigation enabled AFOSI to identify two females depicted in sexually explicit photographs, CC and KN, who were both under the age of 18 years when the pictures were taken. In addition, AFOSI identified a third girl,

---

[1] U.S. CONST. amend. I.

HM, to whom Appellant sent images of his penis and with whom Appellant exchanged sexually explicit messages; HM was under 16 years old at the time.

## II. DISCUSSION

### A. Constitutionally Protected Conduct

#### 1. Law

We review for plain error a claim raised for the first time on appeal that a statute is unconstitutional as applied to an appellant's case. *United States v. Goings*, 72 M.J. 202, 205 (C.A.A.F. 2013). Under this standard, to demonstrate that a facially constitutional statute is unconstitutional as applied to him, the appellant "must point to particular facts in the record that plainly demonstrate why his interests should overcome Congress' and the President's determinations that his conduct be proscribed." *Id.*

In *Lawrence v. Texas*, the United States Supreme Court held that a constitutional liberty interest protects the right of competent adults to engage in private, consensual sexual activity. 539 U.S. 558, 578 (2003). "Constitutional rights identified by the Supreme Court generally apply to members of the military unless by text or scope they are plainly inapplicable." *United States v. Marcum*, 60 M.J. 198, 206 (C.A.A.F. 2004). Whether the liberty interest identified in *Lawrence* renders a servicemember's conviction unconstitutional in a particular case involves a three-part inquiry:

> First, was the conduct that the accused was found guilty of committing of a nature to bring it within the liberty interest identified by the Supreme Court? Second, did the conduct encompass any behavior or factors identified by the Supreme Court as outside the analysis in *Lawrence*? 539 U.S. at 578. Third, are there additional factors relevant solely in the military environment that affect the nature and reach of the *Lawrence* liberty interest?

*Id.* at 206–07.

#### 2. Analysis

Although not raised at trial, Appellant now contends the application of the three-part inquiry the CAAF articulated in *Marcum* demonstrates his convictions for possession of child pornography are unconstitutional. We disagree.

Appellant's conduct was outside the liberty interest identified in *Lawrence* because it did not involve "private, consensual sexual activity between *adults*." *Marcum*, 60 M.J. at 207 (emphasis added). The right of competent, consenting adults to engage in private sexual activity recognized in *Lawrence* does not extend to protect Appellant's possession of images of 16- or 17-year-old minors engaged in sexually explicit conduct. Similarly, Appellant's behavior is outside

the analysis in *Lawrence* because "the conduct involve[d] minors." *Id.*; *see Lawrence*, 539 U.S. at 578 ("The present case does not involve minors."); *United States v. Hill*, No. ACM 38848, 2016 CCA LEXIS 291, at \*11 (A.F. Ct. Crim. App. 9 May 2016) (unpub. op.) (noting that although a 16- or 17-year-old girl does not meet the definition of "child" under Article 120b, "that does not necessarily make her an adult as that word is used in *Lawrence*").[2]

Appellant's reliance on *Carey v. Population Servs. Int'l*, 431 U.S. 678, 694 (1977), where the Court invalidated a state statute prohibiting the sale of contraceptives to minors, is misplaced. Even the portion of that opinion that Appellant cites—not joined by a majority of the Court—"assum[es] that the Constitution does not bar state regulation of the sexual behavior of minors." *Id.* at 694 n.17. Moreover, we are not persuaded that the liberty interests of CC and KN with regard to their decisions affecting procreation give *Appellant* a constitutionally-protected right to possess sexually explicit images of 16- or 17-year-old minors.

Despite Appellant's claims to the contrary, there is no "conflict" between the prohibitions in the UCMJ under Article 120b, on committing sexual or lewd acts with a child under the age of 16 years, and Article 134, on possessing images of minors under the age of 18 years engaging in sexually explicit conduct. These provisions are aimed at distinct behaviors, and the Government has an interest in proscribing the creation and possession of child pornography that is distinct from its interest prohibiting sexual abuse of children under the age of 16. This court has previously upheld convictions of Airmen involving the creation or possession of child pornography depicting 16- or 17-year-old minors in the face of constitutional challenges. *See, e.g.*, *United States v. Harrower*, No. ACM 39127, 2018 CCA LEXIS 46, at \*13–17 (A.F. Ct. Crim. App. 26 Jan. 2018) (unpub. op.) (conviction for enticing a child in violation of 18 U.S.C. § 2251); *Hill*, 2016 CCA LEXIS 291, at \*8–13 (conviction for enticing a minor in violation of Article 134, UCMJ, Clause 2). We do so again, and find Appellant has failed to "plainly demonstrate why his interests should overcome Congress' and the President's determinations that his conduct be proscribed." *Goings*, 72 M.J. at 205.

---

[2] Given that Appellant's conduct is outside the liberty interest recognized in *Lawrence* and *Marcum*, we need not decide whether the Government's interest in prohibiting service-discrediting conduct or other factors relevant to the military environment affect the nature and reach of that individual liberty interest in this case. *See Marcum*, 60 M.J. at 206–07.

**B. Legal and Factual Sufficiency**

**1. Law**

We review issues of legal and factual sufficiency de novo. Article 66(c), UCMJ, 10 U.S.C. § 866(c); *United States v. Washington*, 57 M.J. 394, 399 (C.A.A.F. 2002). Our assessment of legal and factual sufficiency is limited to the evidence produced at trial. *United States v. Dykes*, 38 M.J. 270, 272 (C.M.A. 1993).

The test for legal sufficiency of the evidence is "whether, considering the evidence in the light most favorable to the prosecution, a reasonable factfinder could have found all the essential elements beyond a reasonable doubt." *United States v. Turner*, 25 M.J. 324 (C.M.A. 1987); *see also United States v. Humpherys*, 57 M.J. 83, 94 (C.A.A.F. 2002). "[I]n resolving questions of legal sufficiency, we are bound to draw every reasonable inference from the evidence of record in favor of the prosecution." *United States v. Barner*, 56 M.J. 131, 134 (C.A.A.F. 2001) (citations omitted).

The test for factual sufficiency is "whether, after weighing the evidence in the record of trial and making allowances for not having personally observed the witnesses, [we are] convinced of the [appellant]'s guilt beyond a reasonable doubt." *Turner*, 25 M.J. at 325; *see also United States v. Reed*, 54 M.J. 37, 41 (C.A.A.F. 2000). In conducting this unique appellate role, we take "a fresh, impartial look at the evidence," applying "neither a presumption of innocence nor a presumption of guilt" to "make [our] own independent determination as to whether the evidence constitutes proof of each required element beyond a reasonable doubt." *Washington*, 57 M.J. at 399.

**2. Analysis**

As the military judge instructed the court members, the elements of the offense of wrongful possession of child pornography in violation of Article 134, UCMJ, alleged in Specification 1 of Charge III are:

> (1) That between on or about 4 February 2015 and on or about 3 June 2015, at or near Tucson, Arizona, [Appellant] knowingly and wrongfully possessed child pornography, to wit: a digital image of [CC], a minor under the age of 18, engaging in sexually explicit conduct; and
>
> (2) That, under the circumstances, the conduct of [Appellant] was of a nature to bring discredit upon the armed forces.

Similarly, the elements of Specification 2 of Charge III are:

> (1) That between on or about 1 July 2014 and on or about 3 June 2015, at or near Tucson, Arizona, [Appellant] knowingly and

5

wrongfully possessed child pornography, to wit: digital images of [KN], a minor under the age of 18, engaging in sexually explicit conduct; and

(2) That, under the circumstances, the conduct of [Appellant] was of a nature to bring discredit upon the armed forces.

*See Manual for Courts-Martial, United States* (2016 ed.), pt. IV, ¶ 68b(b). The Government is not required to prove public awareness of a servicemember's possession of child pornography in order to establish its service-discrediting nature. *United States v. Mead*, 63 M.J. 724, 729 (A.F. Ct. Crim. App. 2006).

Appellant contends the evidence is legally and factually insufficient to sustain his convictions for wrongful possession of child pornography because there is "little evidence" his conduct was service-discrediting. Trial defense counsel made a similar argument to the court members at trial. The court members were not persuaded. Neither are we.

On appeal, Appellant refers to commentaries on the prevalence of "sexting" among teenagers; however, Appellant was not a fellow teenager or high school student. We are similarly unswayed by Appellant's reference to trial court decisions in other, nonmilitary jurisdictions interpreting other criminal statutes, or to the existence of "Romeo and Juliet" provisions in certain state jurisdictions. Mindful that our review of legal and factual sufficiency is limited to the evidence adduced at trial, *Dykes*, 38 M.J. at 272, we find these references of limited persuasive value.[3]

Appellant was a 20- and 21-year-old adult Airman at the time these offenses were committed. He knowingly and wrongfully possessed sexually explicit images displaying the genitals of minors that he retained for his sexual gratification. The service-discrediting nature of the conduct is a fact-specific inquiry dependent upon the circumstances of the particular case. Appellant is free to argue, as he did at trial, that under the facts of the case his conduct was not of a nature to bring discredit upon the armed forces. However, like the court members, we conclude that in this case it was.

Drawing "every reasonable inference from the evidence of record in favor of the prosecution," we conclude the evidence was legally sufficient to support Appellant's convictions of wrongful possession of child pornography beyond a reasonable doubt. *Barner*, 56 M.J. at 134. Moreover, having weighed the evidence in the record of trial and having made allowances for not having personally observed the witnesses, we are convinced of Appellant's guilt beyond a

---

[3] For example, as the Government notes, Appellant's conduct would have been a crime under Arizona law and not shielded by the state's "Romeo and Juliet" statute. *See* A.R.S. §§ 13-3551(6), 13-3553(A)(2), 13-1407(F).

reasonable doubt. *See Turner*, 25 M.J. at 325. Appellant's conviction of Charge III and its specifications is therefore both legally and factually sufficient.

## C. Constitutionally Protected Speech

### 1. Law

We review issues of legal and factual sufficiency de novo. Article 66(c), UCMJ, 10 U.S.C. § 866(c); *Washington*, 57 M.J. at 399.

If an accused's conduct is otherwise protected by the First Amendment, in order for the Government to prove an offense charged under Clauses 1 or 2 of Article 134, UCMJ, the prosecution must show a reasonably direct and palpable connection between the accused's conduct and the military mission or military environment to demonstrate the conduct was prejudicial to good order and discipline or of a nature to discredit the armed forces. *Wilcox*, 66 M.J. at 448–49 (citations omitted).

### 2. Analysis

Appellant's final assignment of error asserts his convictions for wrongful possession of child pornography are legally and factually insufficient because there is no direct and palpable connection between the "speech" he engaged in and the military mission or environment. Appellant relies on *Wilcox*, where the CAAF explained that in order to convict a servicemember of service-discrediting conduct in violation of Article 134, UCMJ, Clause 2, for conduct that would otherwise be protected by the First Amendment, the prosecution must establish "a direct and palpable connection between [the] speech and the military mission or military environment." *Id.* Where such a connection is not established, evidence of the charged offense is legally insufficient. *Id.* at 449. However, if the conduct is not protected by the First Amendment, proof of such a connection is not required. *Id.*

Appellant contends his conduct is not outside First Amendment protection. He cites *Ashcroft v. Free Speech Coalition*, 535 U.S. 234 (2002), for the proposition that not all child pornography is excluded from First Amendment protection. There the Court noted that its prior decisions upholding laws banning the production, distribution, and possession of child pornography were justified by the state's interest in "stamping out" the child sexual abuse depicted in the material. *Id.* at 249–50; *see Osborne v. Ohio*, 495 U.S. 103, 110 (1990); *New York v. Ferber*, 458 U.S. 747, 761 (1982). In contrast, "virtual" child pornography that does not depict the actual sexual abuse of children does not implicate the same state interests. *Id.* at 250. Appellant also relies on *United States v. Stevens*, 559 U.S. 460 (2010), where the Court sustained a facial constitutional challenge to a federal statute criminalizing the creation, sale, or possession of certain depictions of animal cruelty. In doing so, it contrasted the Government's effort to cast such depictions as outside First Amendment protection

with the criminalization of child pornography, which was "historically unprotected" and justified by the state's "compelling interest" in protecting children from abuse. *Id.* at 471–72.

Based on *Ashcroft* and *Stevens*, Appellant contends that images of child pornography that do not depict a crime are protected by the First Amendment. The images Appellant possessed of CC and KN, he continues, did not depict crimes because CC and KN were over the age of 16 and therefore old enough to engage in consensual sexual activity. Therefore, he reasons, Appellant's possession of these images was covered by the First Amendment. Because the Government could not establish a "direct and palpable connection" between his conduct and the military mission or environment, under *Wilcox* his conduct was not service-discrediting and his convictions for possession of child pornography are legally and factually insufficient. *See* 66 M.J. at 448–49.

We are not persuaded. Appellant reads *Ashcroft* too broadly. The essential distinction in *Ashcroft* is not between images of actual 15-year-olds and actual 16-year-olds; it is the distinction between images of actual minors and "virtual" child pornography created without the involvement of any minor. In *Ashcroft* the Court explained,

> The [statute] extends the federal prohibition against child pornography to sexually explicit images that appear to depict minors but were produced without using any real children. The statute prohibits, in specific circumstances, possessing or distributing these images, which may be created by using adults who look like minors or by using computer imaging. The new technology, according to Congress, makes it possible to create realistic images of children who do not exist. . . .

> By prohibiting child pornography that does not depict an actual child, the statute goes beyond *New York v. Ferber*[ ] which distinguished child pornography from other sexually explicit speech because of the State's interest in protecting the children exploited by the production process. . . . As a general rule, pornography can be banned only if obscene, but under *Ferber*, pornography showing minors can be proscribed whether or not the images are obscene under the definition set forth in *Miller v. California*, 413 U.S. 15 [ ] (1973).

535 U.S. at 239–40.

The Government has a compelling interest in preventing the creation, distribution, and possession of sexually explicit images of actual minors, including minors who are 16 or 17 years old. *See Osborne*, 495 U.S. at 106–07, 110. That

interest is not negated by the fact that Article 120b, UCMJ, permits a servicemember to engage in consensual sexual activity with a 16- or 17-year-old. Appellant identifies no decision by this or any other court that holds the age limit for prosecutable child pornography is capped by the age of consent in that jurisdiction. We find no reason to establish such a limit now.

Accordingly, Appellant's possession of sexually explicit images of CC and KN was outside the protection of the First Amendment, and thus *Wilcox's* requirement for a "direct and palpable connection" between the conduct and the military mission or environment is inapposite. 66 M.J. at 448–49. Appellant's convictions for wrongful possession of child pornography are legally and factually sufficient.

## III. CONCLUSION

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the findings and sentence are **AFFIRMED**.

FOR THE COURT

*Carol K. Joyce*

CAROL K. JOYCE
Clerk of the Court