# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

---

## UNITED STATES

**v.**

## Senior Airman JEFFREY E. BROWN, JR.
## United States Air Force

## ACM 38497

## 3 March 2015

Sentence adjudged 5 September 2013 by GCM convened at Malmstrom
Air Force Base, Montana.  Military Judge:  William C. Muldoon.

Approved Sentence:  Dishonorable discharge, confinement for 1 year,
forfeiture of all pay and allowances, and reduction to E-1.

Appellate Counsel for the Appellant:  Captain Michael A. Schrama.

Appellate Counsel for the United States:  Major Daniel J. Breen;
Captain Meredith L. Steer; and Gerald R. Bruce, Esquire.

Before

ALLRED, HECKER, and SANTORO
Appellate Military Judges

OPINION OF THE COURT

This opinion is issued as an unpublished opinion and, as such, does not serve as precedent
under AFCCA Rule of Practice and Procedure 18.4.

SANTORO, Judge:

A general court-martial composed of officer members convicted the appellant,
contrary to his pleas, of sexual assault of an intoxicated and incapacitated victim, and
abusive sexual contact with the same victim, both in violation of Article 120, UCMJ,

10 U.S.C. § 920.[1]  The adjudged and approved sentence was a dishonorable discharge, confinement for 1 year, forfeiture of all pay and allowances, and reduction to E-1.

The appellant asserts as errors:  (1) the evidence is legally and factually insufficient to support his convictions; (2) the military judge abused his discretion by failing to merge the offenses for sentencing; (3) his sentence is inappropriately severe; (4) unlawful command influence so permeated the Air Force that it was impossible for the appellant to receive a fair trial or clemency consideration; (5) he is entitled to relief pursuant to Article 13, UCMJ, 10 U.S.C. § 813, for illegal pretrial punishment; and (6) the military judge erred by failing to suppress his statement to law enforcement.[2]  We disagree and affirm.

*Background*

In December 2012, the appellant, victim, and other Airmen attended an off-base party hosted by a member of their security forces flight.  Among the attendees were Airman First Class (A1C) GG, the victim's good friend, and A1C LB, whom the victim had previously dated.

The victim informed his friend, A1C GG, that someone at the party was interested in him (the victim) but made him uncomfortable.  The victim then attempted to identify A1C LB to A1C GG as the person who made him uncomfortable, but when he did so, A1C GG mistakenly thought the victim was referring to the appellant.  As a result of A1C GG's erroneous belief that the appellant made the victim uncomfortable, A1C GG became more observant of the appellant's actions during the party.

The victim drank heavily during the evening, consuming a total of at least 12 shots of liquor and an uncertain number of beers.  Other partygoers assisted him to the bathroom to vomit on at least one and possibly two occasions.  Eventually, the victim either fell asleep or passed out on a couch on the lower level of the house.

When A1C GG learned that the victim was having difficulty, he went downstairs to check on him.  He found him lying on an L-shaped couch while the appellant was sitting on the other end of the couch.  Still thinking that the appellant's presence made the victim uncomfortable, A1C GG told the appellant not to try anything with the victim and that he (A1C GG) would be checking on the victim periodically.  The appellant assured A1C GG that he was only talking with the victim.

---

[1] The charged events took place in December 2012, meaning the appellant was charged and convicted under the current version of Article 120, UCMJ, 10 U.S.C. § 920, which applies to offenses committed on or after 28 June 2012. *See Manual for Courts-Martial, United States*, Part IV, ¶ 45 (2012 ed.).
[2] Issues 3, 4, 5 and 6 are raised pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

On a subsequent visit to check on the victim, A1C GG found the lights in the room had been turned off. He turned them on and saw that the appellant and victim had their pants down and both had erections. The appellant was on top of the victim and holding the victim's penis in his hand while the victim had his arms crossed over his body and looked lifeless.

A1C GG yelled at the appellant and also drew the attention of other partygoers. The appellant, who had also been drinking heavily that evening, appeared dazed and stumbled as he walked. After two hours and several other heated discussions, the various attendees went to different locations and separated for the evening.

When interviewed by law enforcement, the appellant admitted engaging in oral sodomy with the victim but said he believed the victim was interested in and consented to the acts. Conversely, the victim told law enforcement that he did not want to engage in any sexual activity with the appellant but had a memory of dreaming that his boyfriend (who was not at the party) was kissing him and that he may have returned the kiss. He additionally said it was possible he may have pushed what he believed was his boyfriend's head toward his own genitalia, also thinking it was a dream.

For this conduct, the appellant was charged with sexual assault for engaging in oral sodomy with the victim and with abusive sexual contact for touching the victim's penis, while the victim was incapable of consenting due to impairment by alcohol, a condition the appellant knew or reasonably should have known of.

Additional facts necessary to resolve the assigned errors are included below.

*Legal and Factual Sufficiency*

We review issues of factual and legal sufficiency de novo. Article 66(c), UCMJ, 10 U.S.C. § 866(c); *United States v. Washington*, 57 M.J. 394, 399 (C.A.A.F. 2002). The test for factual sufficiency is "whether, after weighing the evidence in the record of trial and making allowances for not having personally observed the witnesses, [we are] convinced of the accused's guilt beyond a reasonable doubt." *United States v. Turner*, 25 M.J. 324, 325 (C.M.A. 1987). In conducting this unique appellate role, we take "a fresh, impartial look at the evidence," applying "neither a presumption of innocence nor a presumption of guilt" to "make [our] own independent determination as to whether the evidence constitutes proof of each required element beyond a reasonable doubt." *Washington*, 57 M.J. at 399. Our assessment of legal and factual sufficiency is limited to the evidence produced at trial. *United States v. Dykes*, 38 M.J. 270, 272 (C.M.A. 1993).

As he did at trial, the appellant argues that he made an honest and reasonable mistake of fact in believing that the victim consented to the sexual activity. The military judge instructed the panel that the appellant must have actually believed the victim consented and

that belief must be objectively reasonable—to a sober person—under the circumstances and that the Government bears the burden of disproving mistake of fact beyond a reasonable doubt. *See United States v. Cooper*, ACM 38293 (A.F. Ct. Crim. App. 2014).[3]

We have reviewed and considered the entire record of trial. We have considered the appellant's arguments, including the testimony of the Government's expert witness concerning whether the victim's alcohol-induced, or "fragmentary," blackout would have been apparent to the appellant. The overwhelming weight of the evidence is that nothing the victim did or said could objectively be considered an indication that he wanted him to engage in sodomy or other sexual activity. We further conclude that a reasonable sober person would have known, or reasonably should have known, that the victim was incapacitated and unable to consent to sexual activity. Moreover, although the victim may have unconsciously returned the appellant's kiss, we find that no reasonable sober person would have believed that the victim was consenting under the circumstances. Finally, the implausibility of the appellant's ability to recall details of the evening's events other than how the sexual activity began convinces us of the appellant's guilt beyond a reasonable doubt.

We have considered the evidence in the light most favorable to the prosecution. We have also made allowances for not having personally observed the witnesses. Having paid particular attention to the matters raised by the appellant, we find the evidence factually and legally sufficient to support his convictions for sexual assault and abusive sexual contact.

*Unreasonable Multiplication of Charges*

The appellant next argues that the military judge abused his discretion when he failed to sua sponte merge the two specifications for sentencing. "[W]hat is substantially one transaction should not be made the basis for an unreasonable multiplication of charges" against an accused. Rule for Courts-Martial 307(c)(4). By not raising this issue at trial, appellant has forfeited his right to relief on appeal absent plain error. *See United States v. Gladue*, 67 M.J. 311, 313 (C.A.A.F. 2009); *United States v. Butcher*, 56 M.J. 87, 93 (C.A.A.F. 2001). *See also* Article 59(a), UCMJ, 10 U.S.C. §859(a). Plain error occurs when there is error, the error is plain or obvious, and the error results in material prejudice to a substantial right of appellant. *United States v. Maynard*, 66 M.J. 242 (C.A.A.F. 2008).

We find no error here, plain or otherwise. The appellant argues, without citation to any evidence in the record, that "[m]ost likely the Appellant was stimulating [the victim's] penis with his hand" during the oral sodomy. While that *may* be true, the evidence also established that A1C GG personally observed the appellant's hand on the victim's penis at a time other than when the sodomy was occurring. Thus, we cannot conclude that the

---

[3] The former version of Article 120, UCMJ, 10 U.S.C. § 920, specifically noted that for a mistake of fact belief to be reasonable, it "must be that which a reasonably careful, ordinary, prudent, sober adult would have had." *Manual for Courts-Martial, United States*, A28-5, ¶ 45.a.(t)(16) (2012 ed.).

evidence establishes the specifications embrace conduct that occurred in a single transaction.

Moreover, even had the military judge granted the relief the appellant belatedly seeks, evidence that the appellant touched the victim's penis at a time other than when he was actively engaging in sodomy would still have been before the members when they determined an appropriate sentence. Merging the specifications would have reduced the maximum imposable confinement from 37 years to 30 years—still exponentially above the adjudged and approved sentence of confinement for 1 year. Having considered the factors elucidated in *United States v. Quiroz*, 55 M.J. 334 (C.A.A.F. 2001), we conclude the military judge did not err by failing to merge the specifications for sentencing.

*Sentence Severity*

This court reviews sentence appropriateness de novo. *United States v. Lane*, 64 M.J. 1, 2 (C.A.A.F. 2006); *United States v. Baier*, 60 M.J. 382, 383–84 (C.A.A.F. 2005). We "may affirm only such findings of guilty and the sentence or such part or amount of the sentence, as [we find] correct in law and fact and determine[], on the basis of the entire record, should be approved." Article 66(c), UCMJ. We assess sentence appropriateness by considering the appellant, the nature and seriousness of the offenses, the appellant's record of service, and all matters contained in the record of trial. *United States v. Snelling*, 14 M.J. 267, 268 (C.M.A. 1982); *United States v. Bare*, 63 M.J. 707, 714 (A.F. Ct. Crim. App. 2006), *aff'd*, 65 M.J. 35 (C.A.A.F. 2007).

While we have a great deal of discretion in determining whether a particular sentence is appropriate, we are not authorized to engage in exercises of clemency. *United States v. Lacy*, 50 M.J. 286, 288 (C.A.A.F. 1999); *United States v. Healy*, 26 M.J. 394, 395–96 (C.M.A. 1988). The maximum imposable sentence was a dishonorable discharge and confinement for 37 years. The approved sentence of a dishonorable discharge and confinement for 1 year was clearly within the discretion of the convening authority.

Pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), the appellant argues that the dishonorable discharge is inappropriately severe because his "career reflects his dedication and quality of service" and because his duties as a security forces Airman protected lives and prevented harm to Air Force resources. We have given individualized consideration to this appellant and the evidence in the record. We have no difficulty concluding that a sentence which includes a dishonorable discharge is not inappropriate for this appellant who sexually assaulted a fellow Airman while that Airman was incapacitated and unable to defend himself.

Pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), the appellant alleges that apparent unlawful command influence so permeated the Air Force at the time of his trial that it was impossible for him to receive a fair trial or clemency consideration. The appellant asked the military judge to dismiss all charges on this same basis. In denying the motion, the military judge made extensive findings of fact which are not challenged on appeal, are not clearly erroneous, and which we adopt as our own.

Article 37(a), UCMJ, 10 U.S.C. § 837(a), states: "No person subject to this chapter may attempt to coerce or . . . influence the action of a court-martial or any other military tribunal or any member thereof, in reaching the findings or sentence in any case . . . ." The mere appearance of unlawful command influence may be "as devastating to the military justice system as the actual manipulation of any given trial." *United States v. Ayers*, 54 M.J. 85, 94–95 (C.A.A.F. 2000) (quoting *United States v. Allen*, 33 M.J. 209, 212 (C.M.A. 1991)) (internal quotation marks omitted).

On appeal, the accused bears the initial burden of raising unlawful command influence. *United States v. Sayler*, 72 M.J. 415, 423 (C.A.A.F. 2013). He must show: (1) facts, which if true, constitute unlawful command influence; (2) that the proceedings were unfair; and (3) that the unlawful command influence was the cause of the unfairness. *Id.* The initial burden of showing potential unlawful command influence is low but is more than mere allegation or speculation. *United States v. Stoneman*, 57 M.J. 35, 41 (C.A.A.F. 2002). The quantum of evidence required to raise unlawful command influence is "some evidence." *Id.* Once an issue of unlawful command influence is raised by some evidence, the burden shifts to the Government to rebut an allegation of unlawful command influence by persuading the court beyond a reasonable doubt that: (1) the predicate facts do not exist; (2) the facts do not constitute unlawful command influence; or (3) the unlawful command influence did not affect the findings or sentence. *United States v. Biagase*, 50 M.J. 143, 150 (C.A.A.F. 1999).

Where, as here, the issue is litigated on the record at trial, the military judge's findings of fact are reviewed under a clearly-erroneous standard but the question of command influence flowing from those facts is a question of law that this court reviews de novo. *United States v. Villareal*, 52 M.J. 27, 30 (C.A.A.F. 1999).

The appellant's argument at trial was focused in large part on various comments by officials including the President of the United States, the Secretary of Defense, and other Air Force senior leaders. Notably, none of the comments at issue were made by anyone directly involved in the appellant's court-martial. The military judge initially ruled that the defense had failed to meet its burden to establish facts which, if true, amounted to unlawful command influence. Instead, he treated the issue as one to be handled during the voir dire process. The military judge further noted that he would apply the actual and implied bias

standards and the liberal grant mandate when ruling on challenges for cause. After voir dire, the military judge made a written ruling on the defense's motion and noted that there were no challenges for cause relating to potential unlawful command influence. He then found beyond a reasonable doubt that there was no actual or apparent unlawful command influence.

On appeal, the appellant does not challenge any of the military judge's findings of fact, including the finding beyond a reasonable doubt that there was no impact from any of the statements made by the senior officials. Instead, the appellant invites us to "consider[] all of the attachments to the defense motion to dismiss."

We have ourselves reviewed the entire record, including the comments made by the senior officials and the members' responses during the voir dire process. The military judge's findings of fact are amply supported by the record. We need not reach the question of whether the defense met its initial burden of production of evidence, as the military judge found beyond a reasonable doubt—and we agree—that the statements at issue had no impact on the appellant's trial. Furthermore, an objective, disinterested, reasonable member of the public, fully informed of all the facts and circumstances, would not harbor a significant doubt about the fairness of the appellant's court-martial proceeding. *See United States v. Lewis*, 63 M.J. 405, 415 (C.A.A.F. 2006). We find beyond a reasonable doubt that the case was not infected by actual or apparent unlawful command influence.

*Illegal Pretrial Punishment*

Pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), the appellant contends he was subjected to illegal pretrial punishment when he was placed in pretrial confinement after a separate sexual assault allegation was made against him. Specifically, he asserts that he was placed into pretrial confinement on 27 February 2013 based on an allegation that he sexually assaulted another Airman and was released on 10 April 2013 after passing a polygraph examination concerning that offense. Pursuant to *United States v. Allen*, 17 M.J. 126 (C.M.A. 1994), the military judge awarded the appellant day-for-day credit against his sentence to confinement for the time he was in pretrial confinement.

Article 13, UCMJ, 10 U.S.C. § 813, prohibits pretrial punishment:

> No person, while being held for trial, may be subjected to punishment or penalty other than arrest or confinement upon the charges pending against him, nor shall the arrest or confinement imposed upon him be any more rigorous than the circumstances require to insure his presence, but he may be subjected to minor punishment during that period for infractions of discipline.

This article prohibits two types of activities: the imposition of punishment or penalty before trial and conditions of confinement that are more rigorous than necessary to ensure the accused's presence at trial. *United States v. McCarthy*, 47 M.J. 162, 165 (C.A.A.F. 1997).

During a presentencing session, the military judge specifically asked both the appellant and his trial defense counsel whether they believed the appellant had been subjected to any Article 13, UCMJ, violations. Trial defense counsel responded unequivocally "no." The appellant asked the military judge to explain Article 13, UCMJ, and illegal pretrial punishment. The military judge correctly advised the appellant of the Article 13, UCMJ, requirements, following which the appellant himself told the military judge that he had not been subjected to illegal pretrial punishment.

The appellant has waived appellate review of this claim. *Gladue*, 67 M.J. at 313.[4] The appellant was certainly aware in September 2013, when he told the military judge that he had not been subjected to illegal pretrial punishment, of the events which he now claims violated Article 13, UCMJ. The appellant has not presented any evidence that his statement to the military judge was not made knowingly or intelligently.

Assuming arguendo the appellant either did not waive the issue or that his waiver should be tested for plain error, we find no error. The appellant bears the burden of persuasion and has identified no evidence that supports a claim that his pretrial confinement was in violation of the Rules for Courts-Martial or was intended as punishment.

*Suppression of Statement to Law Enforcement*

Pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), the appellant next asserts that his admission to engaging in oral sodomy was insufficiently corroborated and therefore inadmissible against him.

Mil. R. Evid. 304(g) provides that an admission by the appellant may only be considered as evidence against him if independent evidence has been introduced that corroborates the essential facts. The standard for corroboration is "very low," *United States v. Seay*, 60 M.J. 73, 80 (C.A.A.F. 2004), and the quantum of corroborating evidence may be "very slight." *United States v. Melvin*, 26 M.J. 145, 146 (C.M.A. 1988). This very slight "corroborating evidence need not confirm each element of an offense, but rather must 'corroborate[ ] the essential facts admitted to justify sufficiently an inference of their truth.'" *United States v. Arnold*, 61 M.J. 254, 257 (C.A.A.F. 2005) (quoting Mil. R. Evid. 304(g))

---

[4] We recognize that our superior court in *United States v. Inong*, 58 M.J. 460, 465 (C.A.A.F. 2003), held that failure at trial to seek sentence relief for violations of Article 13, UCMJ, 10 U.S.C. § 813, waives that issue on appeal absent plain error. However, as subsequent case law has clarified, it is forfeiture that is tested for plain error; waiver is not. *See e.g., United States v. Sousa*, 72 M.J. 643, 651–52 (A.F. Ct. Crim. App. 2013). In this case, because the appellant affirmatively denied being subject to pretrial punishment, as opposed to standing mute or having the issue not discussed, the issue was waived and need not be tested for plain error.

(alteration in original). "The military judge alone shall determine when adequate evidence of corroboration has been received." Mil. R. Evid. 304(g)(2).

We review the denial of a motion to suppress a confession under an abuse of discretion standard and will not disturb the military judge's findings of fact unless those findings are clearly erroneous. *United States v. Simpson*, 54 M.J. 281, 283 (C.A.A.F. 2000) (citing *United States v. Young*, 49 M.J. 265, 266-67 (C.A.A.F. 1998); *United States v. Ford*, 51 M.J. 445, 451 (C.A.A.F. 1999)).

The appellant argues that because the victim did not recall the oral sodomy, the admission was uncorroborated and therefore inadmissible. The military judge noted that when A1C GG returned to the room to check on the victim, he found the door closed and the lights off, when the door had previously been open and the lights on; A1C GG found the appellant and victim unclothed from the waist down with their erect penises exposed and the victim apparently passed out; and the appellant's DNA was present on the victim's boxer shorts, belt, and jeans. The military judge concluded that the evidence placed the appellant "in the right place and at the right time with an alleged victim and [in] the right state of undress and arousal." The military judge further noted that the only thing missing was an actual eyewitness; he then found sufficient corroboration and denied the motion to suppress.

We conclude, as did the military judge, that there was sufficient corroboration of the essential facts of the appellant's admission. The appellant cites no authority for the proposition that a victim must recall an assault for a confession to be admissible. Under the circumstances of this case, the presence of the appellant's DNA on the victim's boxer shorts and their states of arousal were highly suggestive of sexual activity. We hold the military judge did not abuse his discretion in admitting the appellant's statement.

*Conclusion*

The approved findings and sentence are correct in law and fact, and no error prejudicial to the substantial rights of the appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the findings and the sentence are **AFFIRMED**.

FOR THE COURT

STEVEN LUCAS
Clerk of the Court

ACM 38497